TATE, Judge.
Defendant employer appeals from an award to plaintiff Malbreaux of workmen’s compensation benefits for total disability by reason of traumatic psychoneurosis resulting from an accident in the course of plaintiff’s employment. Defendant was allowed credit for 37 weeks’ compensation paid.
The undenied accident occurred at work on June 7, 1954, when Malbreaux’s right foot slipped into a ditch, causing his left buttocks and back to fall with some force upon the concrete pavement.
Plaintiff was examined and treated on the day of and during the week following the accident by Dr. Louis Mayer, who found that Malbreaux was bruised on the side and back of the left hip, and the upper abdomen in this area. Despite Malbreaux’ complaints of great pain, Dr. Mayer felt that the injury was relatively minor and that the disability should not persist beyond the week.
About nine days after the accident, Mal-breaux returned to Lafayette his home town, and reported to medical clinic there, where because of complaints of tenderness and pain, as well as objective symptoms of spasm, sclerosis (induration, or hardening, of the tissue), and diminution of the reflexes, a tentative diagnosis was made of a possible ruptured intervertebral disc.
Malbreaux was hospitalized and placed in traction from July 6 to July 13, 1954, following which and a week of bed-rest at home, it was determined that “on objective findings, the patient showed marked improvement” and “it became obvious that if he did have a disc that he had a remission and no apparent sequella were present on objective findings”.
Malbreaux’ complaints of pain persisting, he was referred to Dr. James Gilly, orthopedist, on August 26, 1954. Based both on objective symptoms and subjective complaints, Dr. Gilly diagnosed the cause of the disability as “a combination of a lumbo-sacral and a lumbo-dorsal flexion sprain, * * * convalescence from which was prolonged by the congenital shortening of the extremity” (leg) ; for which Malbreaux received treatments which improved his condition.
Neither these physicians, nor Dr. Joseph Edelman, (neurological surgeon who examined plaintiff on October 29, 1954), nor Dr. W. L. Meuleman (orthopedist, who saw Malbreaux on June 20, 1955), could find any *64 organic reason for the severity of Mal-breaux5 complaints of pain in his left hip and lower back and his continued alleged inability to perform hard labor.
However, the sole psychiatric specialist testifying, Dr. H. Tharp Posey of New Orleans, diagnosed the cause of these complaints as a traumatic neurosis of the conversion hysteria type, resulting from (or “precipitated by”) the industrial accident of June 7, 1954, while working for defendant herein. Dr. Posey, who gave Mal-breaux a neurological and psychiatric examination on June 14, 1955, attributed this conversion hysteria, causing a fixation of disabling painful symptoms in his hip and back, to several psychological factors, including the extremely low intelligence of plaintiff (which because of the extended medical examinations and treatment fearfully decided something must be seriously wrong) and plaintiff’s innate or unconscious social hostility and desire to be dependent. In Dr. Posey’s opinion, by reason of this genuinely felt pain, Malbreaux was indefinitely disabled from the performance of hard labor.
As the District Court observed, the facts herein are very similar to the case of Mamon v. Farnsworth & Chambers Construction Co., La.App., 86 So.2d 764, recently rendered by this court; wherein a relatively slight accident caused a back strain or sprain, but wherein the disabling pain in the injured area became a genuine psychological fixation on the part of the injured workingman, long after the physical basis for such pain ended.
As in Tate v. Gullett Gin Co., La.App., 1 Cir., 86 So.2d 698, certiorari denied, a nontraumatic pathology (rheumatoid arthritis of the spine herein) may produce minor genuine non-disabling symptoms of pain, which are unconsciously exaggerated by the plaintiff due to the traumatically caused fixation with the injured area.
The Mamón and Tate cases both allowed recovery for disability where initially minor back sprains produced psychologically verified and disabling fixation of symptoms because of a psyclioneurosis precipitated by the accident, as did Dupre v. Wyble, La.App. 1 Cir., 85 So.2d 119, certiorari denied, where the initial precipitating injury was a severe bruise on the shin. These cases in themselves indicate unsupported by the jurisprudence defendant’s argument that the initial accident must be more serious than that sustained herein, to be a sound cause of the resulting psychoneurotic disability.
Defendant produced no countering psychiatric testimony, although it elicited from Dr. Edelman, a neurological surgeon, his opinion that final determination of whether a patient was malingering or, on the other hand, suffering from a true traumatic psychoneurosis depends essentially upon an evaluation of his sincerity and history, which may as well be done by the Court as by any physician. The District Court specifically commented that it entertained “no doubt” as to the sincerity of plaintiff and also noted the uncontradicted lay testimony as to Malbreaux’ good work-record before the present industrial accident.
Able counsel for defendant questions Dr. Posey’s diagnosis of a traumatic psychoneurosis, because he did not specifically testify as to some of the organic symptoms found in many of the other reported law cases, such as nervousness, tremors, loss of appetite, anxiety, or fright. Whether such symptoms are essential to a diagnosis of a traumatic neurosis is, of course, a medical question. There is no reason shown in the present record to doubt Dr. Posey’s diagnosis on this account.
Based upon the suggestion of Malbreaux’ counsel at the trial that plaintiff might prefer to speak in French, in which he was more at home, and upon the fact that to facilitate the transcription of testimony in approximately five instances Malbreaux’ counsel interpreted from French his additional remarks, defendant argues that Dr. Posey’s examination of Malbreaux in English is valueless. We do *65 not believe this argument is well-founded. The District Court interrogated Malbreaux and had him testify in English; Dr. Posey testified Malbreaux and he had no difficulty in communicating; and we may almost take judicial notice that often French-speaking Louisianians prefer to speak their native tongue in formal court proceedings for reasons of exactitude, but are still able to communicate in English with relative ease, especially in informal surroundings such as in conversation with a friend or doctor or lawyer.'
Finally, defendant relies upon Stanford v. Long & Wolfe, La.App. 1 Cir., 199 So. 608, which reversed a lower court’s award of compensation benefits and remarked “there should be a sound cause and good reason for the mental condition which su-perinduces a fear of pain in the individual strong enough to render him totally disabled,” 199 So. 608, at page 610. In the Stanford cases, only orthopedists testified— and preponderate^ that there was no organic cause for the claimed disability — , but nevertheless and without- psychiatric testimony the argument was made that the cause of the disability must be a neurosis caused by the industrial accident. Thus, essentially, the Stanford case held that the Court or counsel can’t simply infer a disabling traumatic neurosis, accepting plaintiff’s complaints as genuine, and despite the absence of any medical evidence as to organic or psychiatric disability. Of course, in the present case, the 'uncontra-dicted psychiatric testimony of Dr. Posey ascribes “the sound cause and good reason” for the disabling neurosis.
We find the District, Court’s determination that Malbreaux is disabled by reason of a neurosis caused or precipitated by his industrial accident supported by the preponderance of the evidence.
For the above, and foregoing reasons, the judgment of the District Court, herein is affirmed.
Affirmed.