FRUGÉ, Judge ad hoc.
This is a suit brought under the provisions of the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., by the plaintiff, Aros Mouton, against his employer’s insurer, Marquette Casualty Company. In his original petition filed November IS, 1955, plaintiff alleges that on or about March 9, 1955, while in the course of his employment by Dore Rice Mill, he was accidentally injured when a rice cart which he was pushing was struck by a cart being pushed by another employee, and as a result of which accident plaintiff suffered an injury to the middle portion of the lumbar spine, which injuries have permanently disabled him from doing work of any reasonable character whatsoever and in particular from performing his occupation as a laborer. Plaintiff prays for judgment against the insurer in the sum of $20.80 per week for a period of 400 weeks subject to a credit for compensation payments previously made.
Defendant answered the suit denying that the plaintiff was disabled as alleged by him and, in the alternative, that if the plaintiff was suffering any disability it was from a cause entirely disconnected with the alleged accident and in further alternative that plaintiff had completely recovered from any disability which he might have suffered as a result of the alleged accident of March 9, 1955, prior to September 27, 1955.
On September 29, 1956, ten months after the original suit was filed, plaintiff filed a supplemental and amended petition wherein he alleged that in addition to the injuries described in the original petition plaintiff was suffering from a severe anxiety state as a result of the alleged accident which condition renders him totally and permanently disabled.
The occurrence of the accident, the hazardous nature of the employment, the insurance coverage, the compensation rate of the plaintiff and the amount of compensation previously paid were not at issue and the only question before the trial court was whether as a result of the accident of March 9, 1955, the plaintiff, Aros Mouton, was totally and permanently disabled within the meaning of the Workmen’s Compensation Act and therefore entitled to 400 weeks compensation.
The trial court found that the plaintiff was suffering from a neurosis which rendered him totally disabled within the meaning of the workmen’s compensation law *229 which disability, however, was temporary rather than permanent and rendered judgment in favor of the plaintiff and' against the defendant for compensation at the rate of $20.80 per week commencing March 9, 1955, for the duration of plaintiff’s disability, not however, to exceed 300 weeks, with interest on all past due installments together with medical expenses and all costs. From this judgment the defendant has appealed and the plaintiff has answered the appeal praying that the judgment be amended so as to increase the award to 400 weeks.
The two important issues are questions of fact as the law seems to be clear. A close study of the record has convinced us that the findings of the trial court are correct and we cannot say that he is manifestly erroneous in his evaluation of the facts and its resulting conclusion. We take the liberty of quoting his judgment as our own:
“Plaintiff, alleging a disabling injury occurring while he was working as a rice mill laborer for Dore Rice Mill of Crowley, Louisiana, sues defendant Marquette Casualty Company as compensation insurer for his former employer. The accident occurred on or about March 9, 1955, the suit was tried on January 11, 1957, and although the note of evidence was prepared and filed January 17, 1957, briefs of counsel were not complete and the matter did not reach the Court until January 10, 1958, for decision.
“The accident, injury and compensation insurance coverage, together with the amount of compensation payable, in the sum of $20.80 per week, are admitted, and that same was paid for a total of twenty-nine weeks. The primary contention of plaintiff is set forth in a supplemental petition filed September 29, 1956, alleging that as result of the accident and injury, the claimant is suffering from a severe anxiety state rendering him totally and permanently disabled from returning to his former occupation as a laborer.
“The medical testimony consists of the depositions of Dr. Gilly and Dr. Meuleman, orthopedic surgeons of Lafayette, Dr. Des Ormeaux, a general practitioner of that city, and three psychiatrists, Drs. McCray and R. Fisher of Lafayette, and R. Freedman of New Orleans, all of whom enjoy excellent professional reputations as experts in their fields.
“Dr. Gilly and Dr. Meuleman found plaintiff to be fully recovered from his accidental injuries, and Dr. Des Ormeaux found some objective symptoms, such as muscle spasm of his examination of November 18, 1955. Dr. Des Ormeaux treated plaintiff until July 25, 1956, at which time he felt that there was some definite anxiety state in the man, as was indicated by his complaints to him, and the fact that he was not progressing under the treatment he was receiving satisfactorily, so he recommended an evaluation by a neuro-psychiatrist in June 1956. The Court notes that both Dr. Gilly and Dr. Meuleman had found no objective symptoms of the injury prior to the time Dr. Des Ormeaux examined him, and were of the opinion that he was able to return to work. Both of these doctors had examined Mouton in 1954, and reported no change in his back since that time.
“Dr. McCray and Dr. Fisher were both of the opinion that Mouton is suffering from an anxiety neurosis which causes him to actually feel the' pain of which he complains. Of the two doctors, Dr. McCray conducted both physical and psychological examinations, saw plaintiff three times and administered sodium amytol to him during one of these examinations. *230 Various other tests were made by a psychologist in Lafayette, at the direction of the doctor, which were also studied and evaluated by him, and which were made available to Dr. Fisher for his examination. These doctors testified that in their opinion 'plaintiff is not simulating these symptoms and is not a malingerer.
“On the other hand, Dr. Freedman, who examined plaintiff in 1954, definitely and positively concludes that Mouton deliberately lied to him, and is a malingerer. The Court does not have the benefit of any specific questions asked by Dr. Freedman, nor the answers of the patient, in such instances, and must rely only upon the doctor’s recollection of his interview. It is apparent that Dr. Freedman based his opinion upon a failure by Mouton to discuss his injury of 1954 and his previous examination of him at that time, in detail, although he tried to get him to do this by asking him about it indirectly. The doctor admitted that he did not ask the man any specific questions regarding these past occurrences. (deposition p. 36)
“Counsel for plaintiff cite and rely upon numerous cases where compensation was allowed for various forms of traumatic neurosis, or anxiety neurosis, conversation hysteria, etc., listed as follows: McCastle v. Architectural Stone Company, 4 So.2d 120 (La.App.1941); Buxton v. W. Horace Williams Co., 203 La. 261, 13 So.2d 855 (1943); Vega v. Higgins Industries, Inc., 23 So.2d 661 (La.App.1945); Lala v. American Sugar Refining Co., 38 So.2d 415 (La.App.1949); Peavy v. Mansfield Harwood Lumber Co., 40 So.2d 505 (La.App.1949); Rutherford v. Frost Lumber Industries, 57 So.2d 914 (La.App.1952); Ladner v. Higgins, Inc., 71 So.2d 242 (La.App.1954); Mamon v. Farnsworth & Chambers Construction Co., Inc., 86 So.2d 764 (La.App.1956); Sharp v. Hardware Dealers Mutual Fire Insurance Co., 90 So.2d 889 (La.App.1956); Malbreaux v. Barber Bros. Co., 91 So.2d 62 (La.App.1957).
“Defendant, on the other hand, contends that plaintiff has not discharged the burden of proof of his alleged disability, placing much emphasis upon the fact that no lay witnesses were called to corroborate plaintiff’s complaints as to nervousness, irritability, sleeplessness and other symptoms of the neurosis, as well as upon Dr. Freedman’s positive finding that Mouton is malingering. His reliance is placed upon the cases of Jackson v. Southern Stevedoring Co. [La.App.], 65 So.2d 674; Mouton v. Gulf States Utilities [La.App.], 69 So.2d 147; Turner v. [W.] Horace Williams Co. [La.App.], 80 So.2d 162 and Hicks v. Royal Indemnity Co. [La.App.], 80 So.2d 553.
“There is a wealth of jurisprudence in this state covering this subject, one of the latest cases being that of Miller v. United States Fidelity and Guaranty Company [La.App.], 99 So.2d 511, wherein an exhaustive review of the authorities and the various principles of law applying to these situations is to be found. There is no dispute in this case as to the law; the question is purely whether or not the evidence is sufficient to justify recovery.
“The Court has reviewed all of the testimony of the doctors with extreme care. Under the circumstances presented here, it is my opinion that plaintiff is entitled to recover. The conclusion reached by Dr. Freedman that he is a malingerer is contrary to his past work record and his reputation in his home community. The Court observed Mouton closely while he testified, and was impressed by his sim *231 plicity and apparently earnest demean- or on the witness stand. In view of the expert opinions of Dr. McCray and Dr. Fisher, formed only after several examinations and psychological tests, that his present condition is due to a neurosis brought about by the injury which he unquestionably sustained, and the further fact that he had previously suffered an almost identical reaction in 1954 (which was diagnosed and treated by Dr. Freedman as a genuine neurosis), it is my opinion that plaintiff is totally disabled within the meaning of the workmen’s compensation law of this State.
“While the doctors made no definite statements as to the duration of this disability, I gather from their testimony that such cases frequently respond readily to treatment, although they hold out no particular hope for Mouton’s rapid recovery in this particular instance. The Court believes that the condition found in this man is temporary only, rather than permanent, and renders judgment therefore in favor of petitioner, Aros Mouton, and against the defendant Marquette Casualty Company, for Workmen’s Compensation in the sum of $20.80 per week, from and after the date of his injury, March 9, 1955, not, however, beyond three hundred weeks, as for temporary total disability, subject to a credit of twenty-nine weeks heretofore paid by defendant, and for all medical expenses incurred and to be incurred in the future, within the maximum provided by law; all past due installments of compensation to bear interest at the legal rate from due date until paid. Attorney’s fees and penalties are not sought and cannot be awarded.
“Fees of the expert witnesses, who testified by deposition are fixed in the sum of $35.00 each, and taxed as costs, as well as all costs of taking said depositions. Defendant to pay all costs of this suit.”
For the above and foregoing reasons, the judgment of the district court is affirmed.
Affirmed.