113 So.2d 23 (1959)
Dock WEBBER, Plaintiff-Appellee,
v.
WOFFORD-BRINDLEY LUMBER COMPANY et al., Defendants-Appellants.
No. 4832.
Court of Appeal of Louisiana, First Circuit.
May 27, 1959.
Rehearing Denied June 24, 1959.
*24 Plauche & Stockwell, Fred H. Sievert, Jr., Lake Charles, for appellants.
John P. Navarre, Oakdale, for appellee.
Before ELLIS, LOTTINGER and TATE, Judges.
TATE, Judge.
From judgment awarding plaintiff workmen's compensation for total and permanent disability the defendants, his employer and its insurer, have appealed.
While working at the defendant employer's sawmill on September 17, 1957, the plaintiff was struck and knocked down by a bolt slung from some moving machinery. The bolt struck him on his cheekbone right below the left eye, producing a contusion and mild bleeding beneath the skin.
While all external symptoms of the injury disappeared within a month and he was discharged as able to work by his local physicians, plaintiff Webber has consistently since the accident complained of constant *25 severe headaches and sharp pain in and around his left eye. It is conceded that various medical examiners have discovered no organic medical basis for such complaints.
The principal issue of this case concerns whether plaintiff's complaint of these disabling pains genuinely result from a traumatic neurosis resulting from the injury, or whether on the contrary (as defendant contends) plaintiff is malingering and feigning such disability. That an actual disability is compensable even though its causation is imaginary and the result of a traumatic neurosis is of course well settled, in such instances, the "test" of recovery being "whether the employee is sincere in his belief that he suffers a disabling resultant of a real injury", Miller v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 99 So.2d 511, at page 520.
Two psychiatrists testified, Dr. S. H. Wyatt for plaintiff and Dr. Max Sugar for defendant. The former found plaintiff suffering from a traumatic neurosis residual from and caused by the accident at work, while the latter found the claimant to be free from such neurosis and from disability.
The uniform and uncontradicted testimony of nine lay witnesses (including plaintiff's wife, neighbors, co-workers, and associates in his church work as a part-time preacher) is to the effect that prior to the accident the claimant was a regular and good worker, both at manual labor and in his ministerial work, with a good disposition and enjoying good relations with his acquaintances and the public in general; but that since the accident, plaintiff has remained at home with constant complaints of pain in his head and eye, unable because of such complaints to work, hunt, fish, do gardening, preach, or engage in his other former activitiesin short, that he has been a different and disturbed person, that "he just can't think well" (Tr. 163) and "that he does not have his right mind about his head and work" (Tr. 188).
Plaintiff himself testified that his head hurts so much that he could not work or enter into his former activities. There is testimony that plaintiff attempted without success after the accident to preach, and that he was unable to continue in a ministerial school because of his complaints.
Dr. Wyatt based upon having obtained a similar history from plaintiff himself, diagnosed the pains as genuinely felt and as deriving from a traumatic neurosis activated by the accident and resulting from underlying and unconscious feelings of persecution and a desire to use the injury as an excuse to evade responsibility. This psychiatrist also found indications that plaintiff's judgment was impaired. As the trial court noted, in arriving at a contrary diagnosis, Dr. Sugar relied upon a history that following the accident plaintiff's family, social and church relationships remained pleasant and unchanged; a history which the uncontradicted lay testimony in the record reveals to be incorrect.
We are unable to hold that the District Court committed error in finding that plaintiff had proven that he indeed suffers from the constant and totally disabling pain of which he complains and in accepting the testimony of the psychiatric specialist testifying upon his behalf that such resulted from a traumatic neurosis resulting from the accident.
Because our learned trial brother stated that he "would have liked to have had a more thorough examination of the plaintiff by each of the two psychiatrists" and that in reaching his decision he was "not completely free from doubt", able counsel for defendant contends that the trial court did not find that plaintiff had proven his case by a preponderance of the evidence, such as is required in compensation as in all other civil cases (see, *26 e. g., Leonard v. Consolidated Rock, La. App. 1 Cir., 101 So.2d 736), and therefore was in error in rendering judgment for plaintiff.
The comprehensive reasons for judgment clearly evidence that the District Court found that plaintiff had borne his burden of proving a genuine work-caused disability. That a court is not entirely free from doubt as to such finding does not bar its finding, as here, that a party has proved his case by a preponderance of the evidence; for it is not required that civil cases be proved beyond a reasonable doubt but only by the preponderance of the evidence.
Likewise, we cannot agree with defendants' contention that Dr. Wyatt did not find plaintiff disabled to do the manual labor in which engaged at the time of the accident. While the doctor was not interrogated specifically as to plaintiff's ability to perform his sawmill duties (and while such specific interrogation would have constituted the better practice), this specialist's unmistakable conclusion was that plaintiff's complaints of totally disabling severe and constant headaches and eye pain were genuine.
Citing Etienne v. Algernon Blair, Inc., La.App.Orleans, 100 So.2d 533, and Mouton v. Gulf States Utilities Company, La.App. 1 Cir., 69 So.2d 147, the defendant finally urges that plaintiff's psychiatric testimony should be disregarded since based solely upon the doctor's naked belief of what the claimant had told him.
The cited cases are readily distinguishable. Basically, the psychiatrists' diagnoses therein were not accepted because at the trial the histories upon which they were based were shown to be essentially incorrect. In the present instance, the main outline of the history used for the diagnosis by plaintiff's psychiatrist was corroborated by the lay testimony accepted as correct by the trier of fact. Cf. Dupre v. Wyble, La.App. 1 Cir., 85 So.2d 119.
Insofar as defendants complain that the diagnosis was based upon a single psychiatric interview, without the aid of physical examination[1] or other mental or medical test, both psychiatrists based their diagnoses upon such a psychiatric examination, which they stated without qualification to be a sufficient basis for a correct diagnosis[2]. In the face of this uncontradicted testimony by these specialists based upon their training in this recognized branch of medicine, we like the trial court are unable to accede to the argument that a psychiatric diagnosis produced as a result of such an examination should be disregarded simply because of a supposition, unfounded upon any medical training or evidence, that such examination is insufficient for the purpose. Cf., Malbreaux v. Barber Brothers Company, La.App. 1 Cir., 91 So.2d 62.
For the above and foregoing reasons, the judgment of the trial court finding plaintiff to be disabled is affirmed.
Affirmed.
NOTES
[1] It should be noted that the psychiatrists had the benefit of the prior reports of physical examinations of the patient by several other doctors and specialists.
[2] Such an examination consists of an interrogation of and discussion with the patient of his complaints and history, together with correlation and evaluation of his responses and reactions based upon the examiner's psychiatric training and skill. See also, Streckler, Fundamentals of Psychiatry (5th ed., 1952), "Methods of Examination and Symptoms", pp. 65-87.