129 So.2d 288 (1961)
Daly VIDRINE, Plaintiff-Appellee,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant-Appellant.
No. 227.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
Rehearing Denied May 9, 1961.
*289 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The defendant, the compensation insurer of the plaintiff's employer, appeals from the award to the plaintiff of workmen's compensation at the statutory rate for temporary total disability. The plaintiff answers the appeal, requesting that the award be increased to award compensation for permanent total disability, and he further requests that the judgment be amended also to award penalties for the allegedly arbitrary and capricious nonpayment of workmen's compensation benefits. (We have previously denied the plaintiff's motion to dismiss the appeal. 129 So.2d 284.)
After reviewing the record, we agree with the learned trial court's summary of facts and conclusions of law, and we therefore adopt its opinion as our own, as follows:
"The accident which plaintiff suffered happened while he was laying a gas line in the Lanse Bellaire area, Evangeline Parish, Louisiana. He was struck in the head with a piece of pipe which was accidentally dropped and bounced off the ground and hit the plaintiff in the head. He was rendered unconscious by the blow and taken to Dr. Gordon E. Soileau of Ville Platte, Louisiana, who treated, examined and hospitalized plaintiff at the Ardoin Sanatorium in Ville Platte, Louisiana. Plaintiff was subsequently examined by Dr. D. F. Gremillion of Opelousas, Louisiana, Dr. Joseph H. Edelman of Baton Rouge, Louisiana and Dr. Robert Thompson of Ville Platte, Louisiana, at the request of his attending physician, Dr. Soileau. * * *
"* * * the evidence indicates, and the defendant admits, that the plaintiff suffered a severe blow to the head when a pipe, weighing about four hundred (400) pounds, fell, striking him on the head. The plaintiff was rendered unconscious and was brought to Dr. Gordon Soileau of Ville Platte, Louisiana. Dr. Soileau hospitalized the plaintiff for a period of approximately three (3) days. The diagnosis made by Dr. Soileau was as follows:
"Head injury; laceration of scalp; concussion of brain; sprain of cervical spine.
"The attending physician, Dr. Soileau, kept the plaintiff under treatment up until June 20, 1960, when he testified that he could no longer do anything for him and advised him to return to work. The plaintiff was examined, in addition to Dr. Soileau, by Drs. Robert Thompson, who specializes in Eye, Ear, Nose & Throat treatment; Donald F. Gremillion, who specializes *290 in internal medicine and Joseph H. Edelman, who specializes in neurology. These doctors all testified that there were no objective symptoms to support the headache-pains of which the plaintiff complains [but which these medical witnesses conceded could be a possible residual result of the plaintiff's initial injury, sometimes termed a `post-traumatic syndrome'; a disabling condition, depending upon the severity of the pain (to which the plaintiff alone could testify), aggravated by manual exertion or working in the sun, the normal conditions of the employment in which plaintiff was employed.] However, they [these medical witnesses] all testified that there is no way for any doctor to say with absolute medical certainty whether or not a person is or is not suffering from headaches, since symptoms of headache pain are subjective.
"* * * The fact that there is no objective symptoms to support the complaints of the plaintiff, does not necessarily mean that the plaintiff does not have genuine pain. Therefore, in view of this unanimity among the doctors, to say that the plaintiff is not in fact suffering from pain, would be for the Court to say that he is a malingerer and testifying to an untruth.
"This Court is not saying that any time a person complains of pain that he must believe that he has pain since he and he alone can tell whether or not he is suffering pain. There are certain factors that you must look at to determine whether or not he is suffering pain. There are certain other factors that you must look at to determine whether or not the claimant is telling the truth. You must look at the circumstances under which the complaints arose.
"In this case, the evidence indicates that the plaintiff was a hard worker before the accident and that prior to working for Evangeline Gas Company of Ville Platte, Louisiana, was a farmer who did all his farming work himself. The evidence indicates that after the accident he had to hire some help to operate his tractor because he could not do it himself. The evidence indicates that he suffered a severe blow to the head when this pipe fell on him * * *.
"The evidence further indicates that he never did return to his employment with the Evangeline Gas Company and the lay witnesses who testified in his favor all supported him on that score. Certainly, these lay witnesses were in a position to know whether or not the plaintiff was `making up' a case or not.
"Therefore, in view of all of the evidence, the medical as well as the lay testimony, it is this Court's finding that the plaintiff is in fact disabled.
"There is no evidence before this Court to the effect that this is a permanent disability but to the contrary there is some evidence to the effect that it is not a type of injury which will be permanent and, for that reason, an award of temporary total disability will be made. This will allow the defendant, should the circumstances warrant same, to re-open the case after six months. Up to this point the Court has not cited any jurisprudence but, as is shown in the plaintiff's brief, this case is very similar to the case of Vega v. Higgins Industries Inc. [La.App.], 23 So.2d 661. The plaintiff also cites other cases which have some bearing on this case, particularly the cases of: Stoval [Stovall] v. American Employers Ins. Co. [La.App.], 26 So.2d 321; Cobb v. A. G. McKee & Co. [La.App.1950], 45 So.2d 432; Dupre v. Wyble [La.App.], 85 So.2d 119 (1955); Tate v. Gullett Gin Co., et al. [La.App.], 86 So.2d 698 (1956); Mamon v. Farnsworth & Chambers Construction Co., Inc., et al. [La.App.], 86 So.2d 764 (1956); Miller v. U. S. Fidelity & Guaranty Co. [La.App.], 99 So.2d 211 [511]; Mouton v. Marquette Casualty Co. [La.App.], 109 So.2d 227 (1959). * * *"
Able counsel for the defendant-appellant strenuously urges that the medical evidence does not support the trial court's finding of disability, since the medical experts stated that any diagnosis of disability must be *291 founded upon accepting the plaintiff's complaints of pain as true.
Recently we disposed of similar contentions in Schram v. Lake Charles Ready-Mix, Inc., 125 So.2d 213, 215, stating: "* * * proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the evaluation of the truthfulness of the claimant's complaints, and proof of such disability based essentially upon such evaluation has been held sufficient to support an award of workmen's compensation when medical testimony shows that such disabling pain may be residual from the industrial accident. * * *" (Citations omitted.)
Counsel for the appellant also avers that the lay evidence corroborating the plaintiff's complaints of pain was not admissible because the opinions of the medical experts were not conflicting. Similar contentions were likewise rejected in Corral v. Crawford Homes, Inc., 113 So.2d 820, 822-823, where the court stated:
The principle "sometimes expressed to the effect that lay testimony as to disability will not be considered in the absence of conflict in the medical testimony, must be given a common sense construction and not erected into an artificial and ironclad rule preventing the trial court from making an independent evaluation of the credibility of the claimant and reaching a factual conclusion based upon all the evidence in the record, lay and medical.
"A medical degree or medical specialization does not necessarily confer upon a physician a special insight as to the veracity of a claimant in describing his own pain. Nor does such a physician, in the usually short periods of time for treatment and observation of a claimant in the midst of attending to many other patients, generally have the perspective of the trier of fact, which is able to evaluate the genuineness of the complaints based upon sworn medical and lay testimony covering a course of conduct over an extended period of time.
"Of course, the skilled opinion of the physician, based upon the claimant's response to recognized tests or otherwise, may be of material assistance to the trial court in what is ultimately its responsibility, rather than that of the medical witnesses an evaluation of the sincerity and truthfulness of the claimant. And the opinion of a medical specialist within his field should properly control as to whether there can be a relation between the disability complained of and the industrial accident, or as to whether there can be an organic or psychiatric basis for plaintiff's complaints, if same are accepted as genuine.
"But although the testimony of the medical specialist may well be determinative as [to] the medical limits and possibilities of any work-caused disability, insofar as the ultimate conclusion of the medical witness as to a claimant's disability is based upon his own evaluation of said claimant's sincerity, the trial court is free to consider and accept other medical and/or lay testimony and reach a differing ultimate conclusion as to the sincerity or not of the claimant's complaints of pain."
Thus, in the present instance, the medical experts stated that there were no objective symptoms of continued disability but that, if plaintiff's complaints of severe headaches upon attempting to work in the sun were true, such "post concussion syndrome" was a residual of the original accident.
To determine whether the plaintiff suffered the subjective pain, medically possible as a residual, was not a question upon which the doctors alone were competent to testify, as the medical witnesses herein frankly admitted. The trial court properly took into consideration all the medical and lay testimony concerning the entire circumstances of the plaintiff's accident in reaching its ultimate determination that the plaintiff was disabled by reason of severe headaches as a result of the industrial accident, essentially founded (as the doctors admitted the diagnosis of disability alone could be) upon an evaluation of the *292 truthfulness of the plaintiff's complaints of pain. As stated in Dixon v. W. Horace Williams Co., La.App. 1 Cir., 8 So.2d 724, 727: "* * * great weight must necessarily be given to the statement of the claimant * * * where the diagnosis and opinion of the doctor as to the nature and extent of the injury must depend largely on subjective symptoms, if there is nothing in the record to doubt the veracity and honesty of the plaintiff."
In Guillory v. Southern Farm Bureau Cas. Ins. Co., 237 La. 374, 111 So.2d 314, cited by the defendant-appellant, the lay evidence was not considered because at issue was the medical question as to whether the plaintiff's disability was permanent or temporary, and because lay testimony could not override expert medical testimony on the medical questions of whether the plaintiff's ankle was swollen or whether the plaintiff walked with a limpquestions concerning which the medical witnesses were peculiarly competent to testify as compared to lay witnesses, the latters' opinions as to such technical medical matters being obviously entitled to little weight. This is not the case before us.
By his answer to the appeal, the plaintiff has prayed that the award of compensation for temporary total disability be increased into an award for permanent total disability, awarding compensation during disability not to exceed 400 weeks, LSA-R.S. 23:1221(2) (instead of during disability not to exceed 300 weeks, LSA-R.S. 23:1221(1), per the trial court decree).
It is true that "Where a claimant is totally disabled at the time of the trial, and the evidence does not indicate the duration of the disability or is conflicting as to whether the disability is permanent or temporary, compensation should be awarded for the maximum number of weeks, since the defendant employer is protected by the provision permitting periodic revision of the judgment after six months should the disability terminate or lessen. Peavy v. Calcasieu Paper Co., La.App. 1 Cir., 70 So.2d 755, Strother v. Standard Acc. Inc. Co., La.App. 1 Cir., 63 So.2d 484, Woodward v. Blair, La.App. 1 Cir., 197 So. 920. * * *", Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478, 482. But since all specialists testifying agreed that the duration of the plaintiff's disability is temporary in character, the trial court correctly awarded compensation for temporary total disability. Guillory v. Southern Farm Bureau Cas. Ins. Co., 237 La. 374, 111 So.2d 314; Whiddon v. Concrete Pipe Products Co., La.App. 1 Cir., 78 So.2d 439.
We likewise find no error in the trial court's refusal to award penalties under LSA-R.S. 22:658 for the allegedly arbitrary nonpayment of compensation, since we affirm its finding that the termination and subsequent continued refusal to pay compensation were in good faith reliance upon competent, (although mistaken) medical opinion that the plaintiff was able to return to work without residual from the injuries. Finley v. Hardware Mut. Ins. Co., 237 La. 214, 110 So.2d 583; Richmond v. Weiss & Goldring, Inc., La.App. 3 Cir., 124 So.2d 601.
For the foregoing reasons, the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing.

En Banc. Rehearing denied.