138 So.2d 646 (1962)
Adam DEBOEST, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 496.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1962.
Rehearing Denied March 30, 1962.
Cavanaugh, Hickman, Brame & Holt, by Meredith T. Holt, Lake Charles, for defendant-appellant.
Sandoz & Sandoz, by William C. Sandoz, Opelousas, for plaintiff-appellee.
*647 Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff was injured at work on November 5, 1959. Compensation was paid to him through January 29, 1960. The plaintiff claims further residual disability beyond such date and brings this suit against his employer's insurer to recover compensation benefits.
The trial court found the plaintiff to be totally and permanently disabled as a result of a neurotic condition precipitated by the accident at work and accordingly awarded him compensation for the maximum period plus medical expenses. The defendant appeals.
The defendant-appellant contends that the trial court erred in holding that the plaintiff had sufficiently proved present disability and a causal relationship between the neurosis and the industrial accident. The crux of able counsel's contention, as stated in his brief, is that: "The conclusion of a psychiatrist predicated upon a compensation claimant's own recital of subjective symptoms is an insufficient basis for an award for disability caused by post-traumatic neurosis, where no tests were performed and examination consisted of two forty-five minute interviews."
The plaintiff's injury at work consisted of a moderately severe lumbosacral strain. He was hospitalized under traction for ten days. He was discharged as able to return to work on January 29, 1960, upon the opinion of the attending general practitioner and of two orthopedists that there was no physical or orthopedic basis for his continued complaints of back and leg pains. After psychiatric examination, to which reference will be made below, the plaintiff accepted the recommendation of one of the orthopedists who had previously examined him and willingly submitted to a myelogram on February 13, 1961; this painful and rather serious procedure again seemed to rule out a ruptured disc or other physical basis as the cause of the plaintiff's continued complaints.
The trial court found the plaintiff to be disabled upon the basis of the testimony of a psychiatrist who had examined the plaintiff twice, on October 25, 1960 and then on March 10, 1961. On the first of these examinations, the psychiatrist found the plaintiff to be a person of neurotic tendencies, but he requested further physical examination to rule out a physical basis for the continued and consistent complaints of disabling back and leg pain. Following further orthopedic examination, including the myelogram mentioned, the psychiatrist again re-examined the claimant and found that from a psychiatric viewpoint his condition had worsened into a fixation upon the genuinely felt symptoms of pain referrable to the area involved in the industrial accident. He explained that certain unconscious emotional conflicts within the patient's personality had been triggered by the accident and had been precipitated into consciously felt pain centered in the area of the injury sustained in the accident.
This specialist was of the firm opinion based upon his psychiatric examinations that the plaintiff was definitely disabled by a disabling neurosis precipitated by the accident at work, as a result of which the plaintiff felt genuinely disabling pain in his back and leg upon attempting to perform hard exertions similar to those in which the plaintiff was engaged as a common laborer at the time of the accident.
The uncontradicted lay testimony of members of the plaintiff's family and also of five neighbors and a former co-worker shows that the plaintiff, a married man of twenty-four with two small children, had been a hard-working and consistently-employed common laborer before the accident. He had also been a high school athlete and, during the years prior to the accident, for recreation had played softball and basketball at a neighborhood playground after work. Prior to his current disability, the plaintiff *648 had worked in steady jobs doing hard manual labor, without prior accident or compensation claim.
These lay witnesses were uniform in their testimony that, following the accident, the plaintiff consistently walked with a limp on his left side, no longer engaged in outside activities or athletic recreations or pursuits, and (unlike his former personality) usually "stayed to himself", apparently uninterested in conversation or external events. These lay witnesses all testified that the plaintiff maintained consistent complaints of back pain of varying intensity according to the weather, etc.
The defendant-appellant contends that a disabling neurosis precipitated by an accident at work is insufficiently proved by a psychiatric diagnosis founded only upon the psychiatrist's limited conversational type examinations of the claimant and upon the psychiatrist's evaluation of the claimant's responses in the light of the claimant's history as given to the psychiatrist. Cited in support of this contention are the following cases: Litton v. London Guaranty and Accident Co., La.App. 2 Cir., 133 So.2d 858; Lambert v. Wolf's Inc., La.App. 3 Cir., 132 So.2d 522; Corral v. Crawford Homes, Inc., La.App. 1 Cir., 113 So.2d 820; Phillips v. Underwriters at Lloyd's of London, La.App. 1 Cir., 128 So.2d 318; Franklin v. Cashio, La.App. 1 Cir., 111 So.2d 536; Rowan v. Travelers Ins. Co., La.App.Orl.Cir., 111 So. 2d 387; Etienne v. Algernon Blair, Inc., La.App.Orl., 100 So.2d 533; Hicks v. Royal Indemnity Co., La.App.Orl., 80 So.2d 553 (amended as to costs, 229 La. 536, 86 So.2d 183); Phelps v. Royal Indemnity Co., La. App.Orl., 77 So.2d 225; Mouton v. Gulf States Utilities Co., La.App. 1 Cir., 69 So.2d 147.
In opposition to this contention, the plaintiff cites and relies upon the following decisions: Doucet v. Ashy Construction Co., La.App. 3 Cir., 134 So.2d 665; Williams v. Bituminous Cas. Corp., La.App. 2 Cir., 131 So.2d 844; Guidry v. Michigan Mutual Liab. Co., La.App. 3 Cir., 130 So.2d 513; Whitfield v. Fireman's Fund Ins. Co., La. App. 4 Cir., 125 So.2d 165; Webber v. Wofford-Brindley Lbr. Co., La.App. 1 Cir., 113 So.2d 23; Mouton v. Marquette Cas. Co., La.App. 1 Cir., 109 So.2d 227; Parker v. General Earthwork Service and Marquette Cas. Co., La.App.Orl., 103 So.2d 573; Miller v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 99 So.2d 511; Singleton v. W. L. Richardson & Sons, La.App.Orl., 95 So.2d 36; Malbreaux v. Barber Bros. Co., La.App. 1 Cir., 91 So.2d 62; Tate v. Gullett Gin Co., La.App. 1 Cir., 86 So.2d 698; Mamon v. Farnsworth & Chambers Construction Co., La.App. 1 Cir., 86 So.2d 764; Dupre v. Wyble, La.App. 1 Cir., 85 So.2d 119; Ladner v. Higgins, La.App. Orl., 71 So.2d 242.
Basically, the defendant-appellant relied upon the same defense in the trial court. In an able analysis of most of the cases relied upon by both parties, the trial court found against the contention of the defendant and found that the psychiatric diagnosis of work-caused disability was supported by a preponderance of the evidence in the record, including the uncontradicted lay evidence as to the claimant's history before and after the accident, and including the admissions of the non-psychiatric medical experts testifying that they did not find the plaintiff to be a malingerer, nor could they on the basis of their physical tests rule out the genuineness of the patient's continued and consistent complaints of pain stemming from the industrial injury. As the trial court noted, in many of the cases relied upon by the plaintiff-appellee, recovery for compensation for total and permanent disability was allowed under facts almost identical or closely similar.
The psychiatrist testified, without contradiction, that conversational type examinations are the customary basis upon which psychiatric diagnoses are founded and that, in many instances (such as the present), the psychiatrist is able on the basis of one or two psychiatric examinations to make a firm diagnosis of disabling neurosis or the absence thereof. His testimony shows that *649 psychiatry is an area of specialized medical knowledge requiring at least three years of specialized training plus additional experience before a psychiatrist is certified to practice as such.
According to the psychiatrist, the examiner also often utilizes, as he himself did in the present instance, the medical reports of the examinations by the other physicians to help him in his diagnosis. By his questioning of the patient and evaluating the patient's responses in the light of his own specialized training and experience, the psychiatric specialist attempts to ascertain the psychological structure of the patient and to measure the consistency of the psychological pattern as revealed by the responses to his own skilled inquiry and by such means to determine, in the light of the patient's history as available to the psychiatrist, the presence or absence of a disabling neurosis and, if present, its cause.
In evaluating the testimony, our learned trial brother correctly applied the following standard: "This court recognizes the danger involved in a proper judicial determination of the issue before it, based solely upon a conversational-type of examination such as was conducted by Dr. Adatto [the psychiatrist] in the case. Accordingly, the entire basis of his examination and conclusions has been subjected to very close scrutiny, particularly to determine if his conclusions have been based upon any foundation that the evidence otherwise discloses to be false. Since his conclusions are largely based upon the plaintiff's own statements to him, the verity of those statements and the sincerity of the plaintiff are extremely pertinent."
Under the evidence, we find no error in the trial court's holding that the plaintiff has proved his disability by a preponderance of the evidence, judged by such standard.
Actually, defenses similar to that here raised by the defendantthat a psychiatric diagnosis founded on one or two conversational type examinations is not competent to determine a work-caused psychiatric disability were rejected by this court recently in Doucet v. Ashy Construction Company (certiorari denied by Supreme Court) and Guidry v. Michigan Mutual Liability Company, above-cited, and by the First Circuit in Webber v. Wofford-Brindley Lumber Company (certiorari denied), above-cited.
In rejecting the similar principal defense of the employer in Webber v. Wofford-Brindley Lumber Company, the First Circuit stated, 113 So.2d 26:
"Insofar as defendants complain that the diagnosis was based upon a single psychiatric interview, without the aid of physical examination or other mental or medical test, both psychiatrists based their diagnoses upon such a psychiatric examination, which they stated without qualification to be a sufficient basis for a correct diagnosis. In the fact of this uncontradicted testimony by these specialists based upon their training in this recognized branch of medicine, we like the trial court are unable to accede to the argument that a psychiatric diagnosis produced as a result of such an examination should be disregarded simply because of a supposition, unfounded upon any medical training or evidence, that such examination is insufficient for the purpose."
In so holding, we do not ignore the principle that the weight to be given by a court to a medical diagnosis, when there are other circumstances in the evidence which are inconsistent therewith, may well take into consideration the opportunity of the examining physician for extended observation of the claimant. Nor do we mean to hold that a court must accept as correct an uncontradicted psychiatric diagnosis, when the court finds as a fact that the claimant's history upon which it is based is substantially incorrect or when the court specifically evaluates the claimant's credibility unfavorably in material respects because of proven substantial inaccuracies or inconsistencies in his testimony.
*650 Thus in Corral v. Crawford Homes, Inc., La.App. 1 Cir., 113 So.2d 820, the appellate court found no manifest error in the trial court's refusal to accept the diagnosis of disabling neurosis made by the only psychiatrist testifying. As the court stated, 113 So.2d 823:
"Similarly in the present instance the psychiatrist (who saw plaintiff but once and then four days before the trial in December, 1958) and the general practitioner (who examined plaintiff just twice, the first time 11 days before and, then, the day before the trial), admitted that ultimately their conclusion of disability was bounded upon their acceptance of plaintiff's complaints as sincere. We cannot say that the trial court committed manifest and reversible error in refusing to accept such testimony, upon its own finding that the essential predicate upon which these medical conclusions were basedplaintiff's sinceritywas incorrect: since the trial court's finding was based upon substantial evidence in the record contradictory of these physicians' assumption of plaintiff's sincerity; and also upon sound and detailed reasons based upon its own observation of the claimant during the trial and on the stand, specifically set forth for the benefit of the appellate court."
It suffices to say that we, like the trial court, find no circumstances present in the instant case which cast such doubt upon the genuineness of the plaintiff's complaints of continued pain or upon the correctness of the psychiatric diagnosis of work-caused neurotic disability. That the plaintiff earned $290 during four months (he says he merely watched a pump near his home, and there is no evidence he performed any hard labor) or that he may have certified he could return to work in order to draw unemployment compensation benefits for twelve weeks (he says he did not understand that his signing the claim form included such certification; but even assuming he did knowingly sign such a statement in order to obtain support for his family during his disability), are circumstances which, while relevant to an estimation of the claimant's sincerity, do not cast into such serious question the truthfulness of the plaintiff's testimony as to permit us to disregard the otherwise strong and uncontradicted psychiatric and lay testimony proving his disability. See, e. g.: Williams v. Bituminous Cas. Corp., La.App. 2 Cir., 131 So.2d 844; Miller v. United States Fidelity & Guaranty, 99 So.2d 511, cf., 100 C.J.S. Workmen's Compensation § 391, p. 159.
For the foregoing reasons, the judgment of the trial court awarding compensation to the plaintiff-appellee is affirmed at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.