TATE, Judge.
This is a suit by an employee against his employer’s insurer to recover workmen’s compensation benefits for residual disability. The suit was dismissed. The claimant appeals, complaining that the trial court erred in finding that he had not proven he was still disabled.
The plaintiff was injured at work on April 13, 1961. He sustained two fractured ribs and a possible back sprain. He was discharged by the attending orthopedist as fully able to return to his former duties on May 22, 1961. Compensation and medical expenses were paid through said date.
The plaintiff contends that he was and is still unable to return to work after that date ■on account of a disabling psychoneurosis precipitated by the work-accident, which causes him complaints of severe back pain.
Since the testimony of the other medical witnesses indicates no organic cause for these alleged back pains, the plaintiff’s case is chiefly based upon the testimony of a psychiatrist who examined the claimant on two occasions. This specialist was of the opinion that the claimant was truly suffering from a disabling psychoneurosis causally related to the work-accident.
In corroboration of this psychiatric diagnosis, the claimant also relies upon his own testimony and that of certain lay witnesses to the effect that he was a good worker prior to the accident of April 13, 1961, but that thereafter he has not worked and has exhibited symptoms of abnormality in the manner in which he walked and held himself.
 In a claim of disability by reason of an alleged neurosis, the test of recovery is whether the claimant is sincere in his belief that he suffers a disabling resultant of a real injury. Webber v. Wofford-Brindley Lumber Co., La.App. 1 Cir., 113 *393 So.2d 23, certiorari denied. The psychiatric diagnosis of disability, as well as the trial court’s acceptance or not of such medical diagnosis, essentially depend upon an evaluation of the claimant’s sincerity in the light of the surrounding circumstances; the trial court need not accept a psychiatric diagnosis of disability founded upon an essentially inaccurate history given to the examining psychiatrist, whose diagnosis of necessity must be based upon the general accuracy in main outline of the history, as well as upon the sincerity of the patient’s complaints insofar as they are a basis for the diagnosis. Deboest v. Travelers Ins. Co., La.App. 3 Cir., 138 So.2d 646, and cases therein cited.
In the instant case, the trial court found that the psychiatric diagnosis of neurotic disability was based upon an incorrect history given to the psychiatrist and upon certain consequently incorrect assumptions on his part. For instance, at the psychiatric examination and during his testimony at the trial, the plaintiff assumed a most grotesque posture which he claimed had involuntarily resulted a short time after the accident; but this grotesque posture was not apparent to the other physicians who examined the claimant following the accident, some of whom noted that he stood in an erect position without any muscle spasm.
The trial court concluded that the claimant was shamming, in these words : “Frankly, this court believes that the plaintiff is trying to put something over this court and one of the ways he has attempted to accomplish this is to assume his weird position in walking, sitting and standing. The court believes this plaintiff is a faker.”
Under the circumstances reflected by this record, including the detailed reasons of the trial court for discounting the plaintiff’s credibility, we find no error in the trial court’s rejection of the psychiatric diagnosis of disability as founded upon an erroneous acceptance of the claimant’s sincerity. See Corral v. Crawford Homes, Inc., La.App. 1 Cir., 113 So.2d 820.
For the reasons assigned, the judgment of the trial court dismissing the plaintiff’s suit is affirmed, at his cost.
Affirmed.