FRUGÉ, Judge.
Plaintiff-appellant, Jewell Morace, filed a workmen’s compensation suit against Fidelity and Casualty Company of New York, defendant-appellee. The trial court dismissed the suit and plaintiff has perfected an appeal to this court.
It appears that the trial court very carefully reviewed all of the medical testimony and evidence. In his Reasons for Judgment, the trial judge stated:
“This is an action by Jewell Morace for full workmen’s compensation benefits, less 69 weeks previously paid, plus penalties and attorney’s fees.
“The plaintiff alleged that while employed by Offshore Drilling Company on April 10th, 1959 he was unscrewing or breaking out a pipe when a wrench which he was holding slipped and caused him to fall down injuring his back. As a result of this accident he alleges that he sustained a lumbo-sacral sprain, muscle spasm, herniated in-tervertebral disc, other injuries to the bones, ligaments and muscles, vessels and other tissues of the back, traumatic neurosis, conversion hysteria and other functional disorders.
“The defendant’s answer amounts to a general denial except that it admits paying 69 weeks compensation and further alleges that compensation payments were stopped because the attending physician reported that the plaintiff was able to return to his prior employment.
“The evidence in this case shows that this plaintiff had been working for his present employer for only a short period of time before this accident occurred. As a matter of fact the plaintiff had been off work for a considerable period of time previous to his employment with Offshore because of an alleged back injury and traumatic neurosis.
“At the time of the trial the plaintiff was employed by a sub-contractor of Central Louisiana Electric Company, cutting trees and brush and keeping the right-of-way clean. He contends that this is light work.
* * * * ‡ *
“Dr. Faludi reported that he felt that there was a functional factor present in the patient and that he would recommend that he be encouraged to start working. He stated that because of the long lay-off the patient’s muscles had not been conditioned for heavy work and recommended that he start with light work and gradually over a period of several months build up to heavy type of-work. In a letter to the plaintiff’s attorney Dr. Faludi stated that the functional over-lay which he mentioned in his report meant that he felt that the patient had a low threshold of pain. He stated that this did not mean that -he felt that the patient had a neurosis.
“Dr. Faludi’s report when analyzed carefully indicates that in this doctor’s opinion the plaintiff had recovered from any injury that he may have sustained and was able to return to work. There can be no doubt about this because he recommended that this man return to work and to start out with light work and gradually build up to heavy work.
“The plaintiff offered in evidence the testimony of Dr. Davidson Texada, a psychiatrist practicing in Alexandria, Louisiana.
*700 “Dr. Texada knows the plaintiff quite well because he examined him following an accident that the plaintiff had in 1957. After the plaintiff had recovered from his apparent physical disability as a result of the 1957 accident he went to Dr. Texada for a neuro-psychiatric examination. At this time Dr. Texada stated that in his opinion the plaintiff was suffering from traumatic neurosis. Following apparent physical recovery of the 1959 accident the plaintiff again was examined by Dr. Texada for possible neurosis as a result of the second accident. Following this examination Dr. Texada stated that the plaintiff was suffering from a traumatic neurosis. On the witness stand he stated that the plaintiff was in the exact same condition as he was at the time he examined him previously.
“Dr. Texada had originally diagnosed this man’s condition as neurosis with inability to work. He stated that since the plaintiff did go to work it indicated that the inability to work connected with the neurosis had disappeared. On the stand he stated that the plaintiff’s neurosis even though the same as it was previous, had been aggravated because the plaintiff had recovered enough to go to work after the first accident and at the time of the examination following the second accident he had not recovered from the neurosis to such an extent as to be able to work. It was brought out prior to Dr. Texada’s appearance in Court the fact that this man was working. When informed that this man had returned to work, Dr. Texada stated that his diagnosis of a neurosis with inability to work was in error and that his diagnosis would change to that of neurosis only. He stated that return to any type of work indicated that the neurosis did not result in disability. The plaintiff argues that the type work that he was doing was light work which the Court believes to be without merit, because it certainly was not light work. It would tax one’s imagination beyond the barrier of belief to consider that the cutting of trees and brush under a hot summer Louisiana sun is light work.
“Dr. Paul M. Davis, an orthopedic surgeon of Alexandria, Louisiana, was called to the witness stand by the defense. Dr. Davis was the treating physician in this case. He examined the plaintiff and treated and saw him on several occasions. Dr. Davis stated that the plaintiff had completely recovered and was able to do any and all types of manual labor.
“There is for decision in this case the weight to be afforded the testimony of the various doctors.
“The only doctor who stated that the plaintiff had any physical disability was Dr. Hamilton. Dr. Hamilton examined this man only one time and found no substantial objective findings and reported that he thought he had a ruptured intervertebral disc. It is the law in this State and in every other state that an expert’s opinion must be supported by proper findings. I do not find any findings upon which Dr. Hamilton could reach the conclusion that he reached. The only other medical information favorable to the plaintiff was that of Dr. Texada which falls way short of the burden of proof by a preponderance of the evidence that is upon the plaintiff.
“The law is quite clear that in cases of this type the plaintiff is not entitled to recover. In Alexander v. Huff Truck Line, Inc. et al., 76 So.2d 125 (First Court of Appeal 1954), Judge Lottinger observed:
“ ‘When we take into consideration the number of claims currently being made for compensation before the courts on account of back strains, and from the great number of cases we have read and examined, it is our opinion that courts ought to go to scrutinizing the testimony of these cases more carefully because of the nature of the disability claimed.’
It is this writer’s opinion that this observation aptly applies to neurosis cases. It *701 is apparent that the appellate courts are applying judicial scrutiny to neurosis cases.
“In Phillips vs. Underwriters at Large of London, et al. [128 So.2d 318] (First Circuit Court of Appeal 1961) the Court reviewed the jurisprudence in these type of cases. There it stated:
“ ‘Indeed the case at har is remarkably similar to the Mouton Case [Mouton v. Gulf States Utilities Co., La. App., 69 So.2d 147], supra, in which it was held that the testimony of a psychiatrist, predicated on history narrated by plaintiff in two question and answer periods lasting 45 minutes each, did not constitute proof of traumatic neurosis by a clear preponderance of the evidence. We further observe that in the Phelps case [Phelps v. Royal Indemnity Co., La.App., 77 So.2d 225], supra, that dismissal of a plaintiff’s action predicated upon neurosis was upheld where two of three psychiatrists testified that plaintiff was afflicted with such malady but the remaining expert was of a contrary opinion and the medical doctors found no evidence of physical injury. In the Etienne Case [Etienne v. Algernon Blair, La.App., 100 So.2d 533], supra, we observe the testimony of two psychiatrists was considered insufficient to establish the disability from neurosis where such diagnoses were predicated solely upon subjective symptoms related by plaintiff. Finally, we note that in the Corral case [Corral v. Crawford Homes, Inc., La.App., 113 So.2d 820], supra, this Court affirmed the judgment of the trial court which rejected a similar contention supported only by the testimony of a single psychiatrist who examined plaintiff on one occasion four days prior to trial and rendered a diagnosis based solely upon the history related by plaintiff.’
“In Lambert vs. Wolf [Wolf’s], Inc. et al., 132 So.2d [522] 533 (Third Circuit Court of Appeal 1961), the Court denied recovery in a neurosis case even though a psychiatrist who had examined the plaintiff stated that in his opinion that he was disabled because of a neurosis.
“It is this Court’s opinion that the plaintiff has failed to prove either physical or functional disability by a preponderance of the evidence. * * * ”
In Johnson v. Cloud, 125 So.2d 478, 482, the Court of Appeal, Third Circuit, stated:
“The jurisprudence of this State has been established to the effect that in a compensation case, as in other cases, plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Burk v. Gulf Refining Co. of Louisiana, La.App. 1936, 171 So. 135; Dours v. Travelers Ins. Co., La.App.1950, 48 So.2d 817; Caldwell v. Caldwell, La.App.1950, 55 So.2d 258; Roberts v. M. S. Carroll Co., La.App.1953, 68 So.2d 689, 693.
“In Roberts v. M. S. Carroll Co., supra, for example, the Court of Appeal, Second Circuit, said:
“ ‘Under the circumstances, and in view of the even balance as between the evidential support of the opposing contentions of plaintiff and defendants, we can only conclude that plaintiff failed to support his claim by the requisite preponderance of the evidence. The most that could be said in support of plaintiff’s position is that he has succeeded in establishing a possibility of disability resulting from the accidental injury. The jurisprudence of every appellate tribunal of this state has incontrovertibly established the rule that the plaintiff in a compensation case, as in other cases, bears the burden of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support *702 a judgment. These principles have been stated, restated, iterated, reiterated, emphasized and re-emphasized, in almost innumerable decisions, * * ”
We therefore conclude that the trial judge was not manifestly erroneous in the rulings and decision herein.
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.