CULPEPPER, Judge.
This is a workmen’s compensation case. After trial on the merits, the district judge found the plaintiff totally and permanently disabled as a result of what is commonly called “traumatic neurosis”. The defendant appeals.
The sole issue is whether plaintiff has proved that he is disabled as a result of a neurotic condition.
The evidence shows that on February 4, 1961, while employed as a carpenter’s helper, plaintiff slipped off the frost covered roof of a building and fell to a concrete slab below, resulting in a fracture of his left wrist and other injuries to the left side of his body. He received routine medical treatment and had a normal recovery from his injuries within a few months. However, he continued to complain of pain in his left hand and arm, radiating to his shoulder, and of a feeling of weakness in his left arm, as *482 if it were shrinking. General practitioners and orthopedic specialists who examined him could find no clinical reason for these complaints.
Plaintiff was examined twice, on October 30, 1961 and March 28, 1962, by Dr. Carl T. Adatto, a specialist in psychiatry. This expert witness testified plaintiff’s history revealed the following: Plaintiff is an illiterate white male, 44 years of age and of marginal intellectual capacity. He worked on a farm as a youngster, then went into the Civilian Conservation Corp for a period of a year and a half. In 1941 he entered the Armed Forces and was on active duty about four years but was never engaged in combat. Following an honorable discharge from the army he worked on a sporadic basis until finally he moved to Opelousas about seven years ago and started working for the building contractor by whom he was employed at the time of this accident. He was a good steady worker for these seven years. During this seven years he suffered a hernia injury for which he collected workmen’s compensation benefits. About three years ago he developed an ulcer, which Dr. Adatto interpreted as indicating a preexisting neurosis. Plaintiff is married and has a seven year old son.
Based on these two conversational type examinations, the plaintiff’s history, and the reports of the doctors who treated plaintiff’s wrist, Dr. Adatto gave a positive diagnosis that plaintiff had suffered from a psychoneurosis of long standing which was aggravated by the accident to the extent that he is now totally and permanently disabled.
Plaintiff was also examined twice, on November 30, 1961 and March 28, 1962, by Dr. Richard M. Paddison, a specialist in neurology, who also had had two years training in psychiatry. The neurological examination was negative as to clinical findings. However, during this examination, Dr. Paddison found plaintiff had a weakness of the left hand which was non-physiological. He gave a positive diagnosis of conversion hysteria, which is a specific type of psychoneurosis. Dr. Paddison stated that he felt plaintiff’s complaints were sincere and that he was not a malingerer. His diagnosis, like that of Dr. Adatto, was based on his examinations, plus the history and the reports of the doctors who treated plaintiff’s wrist.
As opposed to these two psychiatric opinions introduced by the plaintiff, the defendant introduced the testimony of Dr. Clayton B. Edisen, a specialist in psychiatry. Dr. Edisen was of the opinion that plaintiff’s complaints were not sincere and that he was a malingerer. Some of the reasons given by Dr. Edisen for his diagnosis were: Plaintiff’s statement that since the accident he had not changed his sex life or his eating or sleeping habits; plaintiff did not appear to be sad or depressed; plaintiff stated that the pain and weakness in his left arm was getting worse, whereas the true victim of traumatic neurosis gradually improves; plaintiff appeared to actually use his left hand and arm freely during the interview; plaintiff’s neurotic symptoms did not become apparent for several months after the accident, whereas in the true case of traumatic neurosis the symptoms develop more quickly.
The doctors who treated or examined plaintiff’s wrist were not specially qualified in psychiatry and did not attempt to make a psychiatric examination or to give a psychiatric opinion. Although defendant attempts to attach significance to the fact that none of these doctors thought it necessary to refer plaintiff to a psychiatrist, we do not feel we can give any weight to this fact because these doctors freely admitted they did not attempt to make a psychiatric examination and had no psychiatric opinion in the case.
Insofar as the expert medical testimony is concerned, we are of the opinion plaintiff has prevailed. By mere numbers, he has two favorable psychiatric opinions to the defendant’s one. Furthermore, the two experts for the plaintiff both examined him on *483 two occasions whereas defendant’s expert made only one examination. Also, we note that although defendant’s expert, Dr. Edisen, testified plaintiff told him he had no difficulty in sleeping or eating, had not lost weight, had not lost his sexual desires, etc., Dr. Adatto and Dr. Paddison testified plaintiff had told them he had suffered all of these changes. The lay testimony, as will be pointed out hereinafter, substantiates a conclusion that plaintiff had suffered these changes and that his complaints were genuine.
The lay testimony strongly corroborates plaintiff’s two psychiatrists. This lay testimony shows that plaintiff had for seven years been a good, steady worker as a carpenter’s helper for the same employer but that since the accident he had not worked; that he complained of pain and weakness in his arm and that he carried his left arm close to his body at about the level of his belt, as if it were in a sling. As opposed to these seven or eight lay witnesses for the plaintiff, defendant introduced only the testimony of one witness who testified that he had been rabbit hunting with the plaintiff, but had not seen him use his arm, and the testimony of another witness, Mr. Travis Young, who testified he saw plaintiff using both arms to carry a 100 pound sack of crayfish. Our conclusion is that the lay testimony also preponderates clearly in plaintiff’s favor.
In view of the conclusion which we have reached, it is unnecessary for us to consider or discuss certain procedural questions raised by defendant as to the introduction of a discovery deposition of plaintiff’s wife and the examination by the trial judge of a statement from the file of defendant’s counsel. Even if we were to agree that defendant is correct in both of these procedural arguments, it would not change our conclusion in the case.
Counsel have not presented any issue of law which requires discussion. On the facts, we find that plaintiff has sustained his burden of proving permanent and total disability as a result of a work connected neurotic condition. The case presents in large measure a question of veracity of witnesses and the weight to be assigned to their testimony. We are most reluctant to disagree with the trial judge in such matters.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.