150 So.2d 804 (1963)
Willis GOODLEY, Plaintiff-Appellee,
v.
Avais (Avey) BRUNET et al., Defendants-Appellants.
No. 781.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
Rehearing Denied March 27, 1963.
Certiorari Refused May 5, 1963.
Dubuisson & Dubuisson by Edward Dubuisson, Opelousas, for defendants-appellants.
Tate & Tate by Paul Tate, Mamou, for plaintiff-appellee.
*805 Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff was injured at work and paid workmen's compensation for three months. The plaintiff-employee sues his employer and his employer's compensation insurer to recover for residual disability. The trial court awarded the claimant workmen's compensation benefits for total and permanent disability arising by reason of a "post traumatic neurosis" resulting from the injury at work.
The defendants-appellants contend on their appeal that compensation for disability on such basis was improperly awarded because (1) disability by reason of a neurosis was not alleged in the plaintiff's petition, and (2) the residual neurotic disability is allegedly not proved by a preponderance of the evidence.
1. Neurotic Disability Not Pleaded.
The allegations of the petition filed in 1958 sought recovery solely on the basis of physical disability. The defendants-appellants contend that, therefore, the trial court improperly allowed recovery on the basis of a neurotic disability, which was not pleaded.
The case was tried in late 1961. The note of evidence was left open to take the testimony of two psychiatrists, among other medical witnesses without any objection by the defendants-appellants.
The record reflects that well in advance of the trial the defendants-appellants had been furnished with the medical report of the plaintiff's psychiatrist. The defendants-appellants had also had the opportunity in advance of trial to have the plaintiff examined by another psychiatrist of their own choosing.
The defendants-appellants did not object to the evidence of plaintiff's disability by reason of a neurosis until July 5, 1962, at which time the deposition of the plaintiff's psychiatrist of January 11, 1962, had already been introduced into evidence.
In a workmen's compensation proceeding, "the court shall not be bound by technical rules of evidence or procedure", LSA-R.S. 23:1317. In the absence of prejudice, variance between allegata and probata is freely permitted in compensation proceedings, providing the opposing party has had notice and a reasonable opportunity thereafter to present opposing evidence. Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Bassemier v. W. S. Young Const. Co., La.App. 1 Cir., 110 So. 2d 766, certiorari denied; Gagliano v. Boh Bros. Const. Co., La.App.Orl., 44 So.2d 732.
The record thus reflects that the defendants-appellants had full notice of the claim of a disabling neurosis and that both parties proceeded to trial on the basis solely of a claimed residual neurotic disability, without any objection by the defendant until some seven months later, when the note of evidence was closed by the introduction of the remaining medical exhibits introduced by the defendants. (Had for instance the defendants-appellants objected at the trial to the introduction of any evidence tending to prove neurotic disability, an amendment of the petition could have been secured.)
In our opinion, the defendants' belated objection to any evidence proving disability of the plaintiff on the ground of psychiatric disability was correctly overruled by the trial court on the basis of the principle enunciated by LSA-C.C.P. Art. 1154 that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. * * *"
2. Residual Disability.
The plaintiff was injured at work on August 6, 1957. His left foot was caught and pulled downwards into a combine, *806 while the plaintiff himself caught a steel bar above his head and twisted upwards to save himself. His foot remained tightly compressed by the combine V-belt for almost ten minutes, before it was possible to release the plaintiff by turning the machinery backwards. During the time the plaintiff was hooked into the combine, he screamed with the extreme pain, in what was afterwards described as a frightening experience.
The plaintiff was discharged by his initial attending physician three months later as able to return to work. This attending physician felt that the plaintiff's continued complaints of pain were not sincere, because the claimant did not try to return to work as recommended by his physician.
However, the claimant immediately reported for treatment to another attending physician, who found the claimant's continued complaints of pain at that time to be the symptoms of a genuine physical disability based upon a muscular strain of the entire leg, the left hip, and the lumbosacral region of the back. An orthopedist who subsequently examined the claimant in April of 1958 felt that he had probably sustained a stretching injury of the sciatic nerve, although he was fully recovered from this physical cause of disability by that date.
The plaintiff was also examined by three other orthopedists, none of whom could find any orthopedic cause for the plaintiff's continued complaints of back and leg pain. However, one of these orthopedists who examined the claimant in January 1959, August 1960, and January 1961, found certain objective symptoms seeming to verify the plaintiff's complaints of pain and limitation of motion, such as a contracture of the fascia, the tightening of the hamstring muscles, and a loss of tone and flabbiness in the muscles of the left thigh.
The plaintiff was examined by a psychiatrist in mid-1958 and again in late 1960. This psychiatrist also had the plaintiff under treatment as an outpatient at a mental health center from February through May of 1961, the plaintiff being released from further treatment as unimproved. Based upon his extended period of observation of the claimant, as well as upon the patient's history, this psychiatrist concluded that the claimant was disabled by reason of a "post traumatic neurosis", as a result of which he felt genuinely disabling pain in the leg and back on attempting to perform hard work, even though there was no physical cause for these complaints of pain.
The psychiatrist explained this to be an "adult situational reaction", whereby the patient who had been functioning economically at an optimum of his low-grade mental abilities prior to the accident, reacted to the rather terrifying experience of the accident, the severe pain following it, and the genuine fear of a permanent crippling, by subconsciously retreating into a state of dependency, through which he was no longer called upon to strain his every effort and his low-grade talents to support himself and his family of wife and eight children.
The defendants had the claimant examined by another psychiatrist, who, while less definite than the first specialist, did not substantially controvert this diagnosis of continued psychiatric disability precipitated by the accident at work.
The lay testimony reflects that the claimant was an exceptionally hard-working and industrious workingman prior to the accident. Subsequent to the accident, however, the claimant has consistently walked with a pronounced limp, has been unable to work over two to three hours without complaint of disabling leg and back pain, and has had to employ the assistance of others to perform the harder work around his homeplace that he used to perform himself.
Eminent counsel for the defendants-appellants contends that the claimant has not sufficiently proved his disability. Counsel suggests that the continued disability is *807 not proven simply by the man's subjective complaints of pain, by his subjective change of work habits before and after the accident, and by the circumstance that a psychiatrist on the basis of this subjective history believes these purely subjective complaints of pain to be genuinely felt as the result of a neurotic condition.
The jurisprudence, however, is now settled that a claimant is entitled to compensation for a disability caused by reason of subjective pain resulting from a mental condition or neurosis precipitated by an accident at work, even though there is no physical basis for such pain. Buxton v. W. Horace Williams Co., 203 La. 261, 13 So.2d 855; Miller v. U. S. F. & G. Co., La.App. 2 Cir., 99 So.2d 511, certiorari denied (containing a comprehensive summary of the jurisprudence on the subject and the related medical and legal questions). See also Malone, La. Workmen's Compensation (1951) Section 257 (p. 316). A psychiatric disability may be difficult for medical laymen to understand or accept, but it is nevertheless compensable under the jurisprudence, and we may not on the basis of unfounded lay doubts completely discount the testimony of psychiatrists, which is based on their years of specialized study in a recognized branch of medicine.
On several recent occasions this court has affirmed awards of compensation for psychiatric disability, rejecting contentions similar to those advanced herein by eminent counsel for the defendants-appellants. Johnson v. Home Indemnity Co., La.App. 3 Cir., 146 So.2d 481; Deboest v. Travelers Insurance Co., La.App. 3 Cir., 138 So.2d 646; Doucet v. Ashy Construction Co., La.App. 3 Cir., 134 So.2d 665; Guidry v. Michigan Mutual Liab. Co., La.App. 3 Cir., 130 So.2d 513.
The test of recovery in these instances is, as stated by Judge Hardy, "whether the employee is sincere in his belief that he suffers a disabling resultant of a real injury", Miller v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 99 So.2d 511, 520.
The trial court recognized, as we do ourselves, that recovery in a case based essentially upon the subjective sincerity of the claimant's continued complaints of pain must be allowed only after a careful scrutiny of the testimony. See, e. g., Deboest, cited above, at 138 So.2d 649. We find no error in the trial court's evaluation of the testimony, nor in its holding that the claimant has proven by a preponderance of the evidence that he is still indefinitely disabled by reason of a neurotic condition precipitated by the accident. We therefore affirm the trial court's award of compensation for total and permanent disability.
Decree.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.