ELLIS, Judge.
The plaintiff brought this action against his employer, J. Ray McDermott and Company, Inc., and against his employer’s work-mens compensation insurance carrier, The Travelers Insurance Company, seeking to recover for total and permanent disability. The plaintiff’s petition alleges that on February 9, 1960 while working as a welder in his employer’s fabrication plant and shipyard at Morgan City, he was struck across the back by a steel beam which was being handled by a derrick, causing physical injury and precipitating a traumatic neurosis. For six months after the accident plaintiff consulted various physicians and then filed this suit. After a trial on the merits the lower court rendered judgment adverse to the plaintiff dismissing his suit on the ground that the plaintiff had failed to establish his case by a preponderance of the evidence, from which plaintiff has appealed.
The only serious basis of the plaintiff’s claim is that he is totally disabled because of the traumatic neurosis which developed from the aforementioned accident. Dr. George C. Battalora, who testified, and Dr. Joseph L. Powell, whose written report was admitted by consent, unquestionably established that there was no disability of an orthopedic or physical nature.
The evidence offered by the plaintiff to sustain the alleged disability resulting from traumatic neurosis consists of the deposition of Dr. John L. Winkler, a qualified psychiatrist; plaintiff’s own testimony; and a subsequent letter from Dr. Winkler describing a second examination. Dr. Winkler’s opinions as testified to and described in his deposition were based on his first examination of the claimant. This examination consisted of a two-hour period of questions and answers and included no physical or psychiatric examinations. While this method may be valid for psychiatric purposes, as was pointed out in Mouton v. Gulf States Utilities Co., La.App., 69 So.2d 147, this type of medical evidence must be carefully scrutinized, for the reason that the medical opinions formed exclusively from the claimant’s statements are valid only insofar as the claimant relates and the doctor receives an accurate picture of the claimant’s condition.
In the Mouton case, supra, the court completely rejected this type of medical opinion where it was shown the plaintiff had exaggerated the facts of the accident, when describing it to the psychiatrist, sufficiently to materially affect the formation of medical opinion. In the instant case, pictures offered by the defendant of the area in which plaintiff worked establish that plaintiff did not work in close quarters as he evidently indicated to Dr. Winkler. The doctor testified working in close quarters had an adverse effect on his present condition and prevented him from returning to work at the same job.
In addition, there is some inconsistency in the testimony of Dr. Battalora and Dr. Winkler as to the area of plaintiff’s pain, suggesting that the plaintiff related different symptoms to these two men.
The defense called only one psychiatrist and he had not examined the plaintiff on any occasion, namely, Dr. Gene L. Usdin, Dr. Usdin is a psychiatrist of remarkable accomplishment and qualification and while he was unable to give any opinion as to the plaintiff’s condition, not having examined him, Dr. Usdin did' enlighten the Court as to the factors to be watched for by the psychiatrist and by the court in evaluating a *623 possible case of traumatic neurosis. These are much the same symptoms as mentioned in the cases of Lala v. American Sugar Refining Co., La.App., 38 So.2d 415, and Peavy v. Mansfield Hardwood Lumber Co., La.App., 40 So.2d 505, and include nightmares, nervousness and headaches, loss of sexual ability, insomnia, diminished appetite, loss of weight and others. The record is barren of any evidence that Dr. Winkler explored any of these areas, though admittedly Dr. Winkler is competent to do so. Nor did the plaintiff attempt to prove any of these conditions, relying solely on his assertions that he was in pain and unable to work.
Records of other doctors should also be considered by the psychiatrist in evaluating a patient but the transcript does not disclose that Dr. Winkler had the benefit of these records, though the plaintiff was examined by at least seven other doctors.
In a number of cases the courts have considered a long and satisfactory work record as evidence of the sincerity of the claimant’s complaints. In the case at bar, however, the work record of the claimant after the accident is as impressive as the record prior to the accident. The time cards introduced by the defendant showing the dates and hours worked by the plaintiff since February 9, 1960 establish that no appreciable time was lost from work from February 9, 1960 until April of 1960 and that he resumed his duties on a fairly regular basis about January 1961.
In nearly all of the cases cited by plaintiff where the court has allowed recovery there has been lay testimony to substantiate the testimony of the plaintiff as to his mental condition. In the case at bar, however, not one lay witness was offered by the plaintiff.
In the case of Kimball v. Welding & Manufacturing Co., La.App., 153 So.2d 602, at 604, the court said:
“When the medical testimony is as conflicting as in this case and the opinions of the experts are formed by limited consultation with the plaintiff; much weight must be given to the testimony of lay witnesses.”
The courts have relied on lay testimony in nearly all of the cases cited by the plaintiff. For example, in Goodley v. Brunet, La.App., 150 So.2d 804, even though the medical testimony was generally in accord and favorable to the plaintiff, the court considered and relied to some extent on the lay testimony and good work record of the plaintiff in allowing recovery. See also Dupre v. Wyble, La.App., 85 So.2d 119; Ladner v. Higgins, La.App., 71 So.2d 242; and Lala v. American Sugar Refining Co., 38 So.2d 415.
We believe, however, that the cases relied on by the trial judge are controlling in this situation. We quote as follows from Phillips v. Underwriters at Lloyds of London, La.App., 128 So.2d 318, which was cited with approval in Mouton v. Gulf States Utilities Co., 69 So.2d 147, and Morace v. Fidelity & Casualty Co. of New York, La.App., 140 So.2d 698:
“(3) That recovery may be had in compensation cases for disability resulting from a diagnosis of neurosis or hysteria is firmly settled in the jurisprudence of this state. See Miller v. United States Fidelity & Guaranty Co., La.App., 99 So.2d 511, and cases cited therein.
“The problem in this case at bar is not whether plaintiff is substantively entitled to such recovery but whether he has borne the burden of proof incumbent upon him to establish such disability by a fair preponderance of the evidence as the law requires. More particularly, the problem at hand is whether the testimony of Dr. Blood standing alone (except for confirmation by lay witnesses of plaintiff’s narration of symptoms such as loss of appetite and weight, etc.) are sufficient to support plaintiff’s allegations in this regard.
*624 “(4) We believe the instant matter is controlled by the line of jurisprudence established in Mouton v. Gulf States Utilities Company, La.App., 69 So.2d 147, [148]; Phelps v. Royal Indemnity Company, La.App., 77 So.2d 225; Etienne v. Algernon Blair, Inc., La.App., 100 So.2d 533,; Rowan v. Travelers Insurance Company, La.App., 111 So.2d 387 and Corral v. Crawford Homes, Inc., La.App., 113 So.2d 820. Indeed the case at bar is remarkably similar to the Mouton case, supra, in which it was held that the testimony of a psychiatrist, predicated on history narrated by plaintiff in two question and answer periods lasting 45 minutes each, did not constitute proof of traumatic neurosis by a clear preponderance of the evidence. We further observe that in the Phelps case, supra, that dismissal of a plaintiff’s action predicated upon neurosis was upheld where two or three psychiatrists testified plaintiff was afflicted with such malady but the remaining expert was of a contrary opinion and the medical doctors found no evidence of physical injury. In the Etienne case, supra, we observe that the testimony of two psychiatrists was considered insufficient to establish disability from neurosis where such diagnoses were predicated solely upon subjective symptoms related by plaintiff. Finally, we note that in the Corral case, supra, this court affirmed the judgment of the trial court which rejected a similar contention supported only by the testimony of a single psychiatrist who examined plaintiff on one occasion four days prior to trial and rendered a diagnosis based exclusively upon a history related by plaintiff.”
Thus, in the Phillips case, even though the plaintiff offered lay testimony to prove his neurosis, the court rejected it as being based on plaintiff’s own assertions of weight and appetite loss. In the case at bar the only evidence is that of the psychiatrist who examined plaintiff in preparation for trial, and then only briefly. This is insufficient proof of a wholly subjective claim. Mouton v. Gulf States Utilities Co., 69 So.2d 147.
The plaintiff, having failed to prove the existence of a traumatic neurosis by a preponderance of the evidence, is not entitled to recover workmens compensation or benefits.
Affirmed.