TATE, Judge.
The plaintiff sues his employer for work-men’s compensation benefits. He appeals from dismissal of his suit.
By this action, the plaintiff claims that a -pre-existing neurosis or hysteria was aggravated into total disability as a result of a work-accident of October 14, 1963. While at work as a janitor on that date, he suffered a minor strain in his lower left abdomen while lifting a lawnmower. He remained under treatment and was paid compensation for three months, when he was discharged as totally cured of his physical disability.
During the period of treatment and always thereafter, the plaintiff has complained of a disabling pain in his right inguinal area, as well as in his lower back. The medical evidence rather conclusively demonstrates the absence of any organic or physical cause for these complaints.
Relying upon the testimony of an examining psychiatrist, however, the plaintiff claims that the fairly minor incident in October 1963 aggravated a previous preoccupation with his previously-injured right inguinal area and caused him to become neurotically disabled from working because of (imagined) pain. The psychiatrist in question frankly admitted that it was very difficult to determine whether the minor incident had actually precipitated a greater disability from the neurosis which undoubtedly long pre-existed the October incident and which stemmed from an earlier industrial accident.
The lay and medical testimony, and in fact the plaintiff’s own testimony, indicates that following a hernia of 1957 and subsequent surgical repairs the plaintiff had been performing light work as janitor, but with continued and fairly considerable complaints of discomfort and pain. The 1957 hernia had been surgically repaired initially; due to subsequent complications, however, by further surgery the plaintiff’s right testicle had been removed. The psychiatric testimony itself shows that this earlier injury and the residual, mental or physical, of the earlier surgery were by far the predominating cause of the plaintiff’s complaints and feelings of disability and uselessness, not *856 only since the October 1963 accident, but ever since the surgery of 1958.
Essentially, the plaintiffs case is based upon the psychiatrist's testimony that the relatively minor October 1963 incident had precipitated a greater disability if in fact the plaintiff sincerely believed because of it that he was now no longer able to work, even though there was no physical or other mental basis for such psychiatric disability. The psychiatrist also admitted that this determination depended upon whether the plaintiff was truthfully describing a greater (imagined) disability to work any longer because of what the plaintiff felt to be greater pain in the area. See cases allowing recovery for psychiatric disability, such as Goodley v. Brunet, La.App. 3 Cir., 150 So.2d 804, O’Neal v. French Unique Laundry and Cleaners, La.App. 3 Cir., 149 So.2d 431, DeBoest v. Travelers Insurance Co., La.App. 3 Cir., 138 So.2d 646, and Williams v. Bituminous Casualty Corporation, La. App. 2 Cir., 131 So.2d 844.
The trial court concluded that the plaintiff had not convincingly proved that, as a residual of the October 1963 incident, he is suffering any significantly greater disability by reason of any aggravation of the underlying neurosis pre-existing the present work-injury. Except for the plaintiff’s wife’s testimony, the testimony of the lay witnesses indicates that the claimed disability commenced with the 1957-1958 operations. The plaintiff’s complaints of pain and other emotional complications are the same now, as they were several years before the accident to the attending surgeon in the interval following the plaintiff’s 1958 surgery.
 We find no error in the trial court’s holding that the plaintiff has not sufficiently proved residual disability by reason of a work-caused aggravation of his underlying neurosis or hysteria. See, for example, Jackson v. International Paper Co., La.App. 3 Cir., 163 So.2d 362, Hicks v. J. B. Beaird Co., La.App. 2 Cir., 142 So. 2d 589, and Lambert v. Wolf’s, Inc., La. App. 3 Cir., 132 So.2d 522. The trial court’s determination is to some extent based upon its evaluation of the accuracy of the plaintiff’s testimony as to his subjective complaints, which credibility evaluation is ordinarily not disturbed upon appellate review, being primarily a function of the trier of fact, Corral v. Crawford Homes, Inc., La. App. 1 Cir., 113 So.2d 820. The trial court’s dismissal of the plaintiff’s claim of residual disability will be affirmed.
The plaintiff additionally contends that he is entitled to penalties and attorney’s fees for the arbitrary and noncapricious nonpayment for more than sixty days of compensation at the rate of $32.50 weekly instead of at the correct rate of $35.00 during the three months initial disability. See LSA-R.S. 23:1201.2
No demand was made prior to suit calling the employer’s attention to the earlier payment of compensation at the incorrect rate. Immediately following suit, the employer well within the statutory sixty days tendered and paid the employee the deficiency in compensation during the undisputed three months of disability.
The trial court correctly refused to hold that the employer was arbitrary in paying compensation at the incorrect rate during disability. Under the statutory terms, an employer or insurer is not liable for penalties for arbitrary failure to pay compensation unless such payment is arbitrarily withheld for sixty days or more after demand. Stagg v. New Amsterdam Casualty Co., La. App. 3 Cir., 166 So.2d 82.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed at his cost.
Affirmed.