171 So.2d 742 (1965)
Thomas H. GATES, Plaintiff-Appellee,
v.
ASHY CONSTRUCTION COMPANY, Inc., Defendant-Appellant.
No. 1332.
Court of Appeal of Louisiana. Third Circuit.
February 10, 1965.
Rehearing Denied March 3, 1965.
Writ Refused April 15, 1965.
*743 Guillory, Guillory & Guillory, by Isom J. Guillory, Jr., Eunice, for defendant-appellant.
John P. Godfrey, Many, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff employee was awarded workmen's compensation for total and permanent disability. The defendant employer appeals. The issue is whether residual disability has been proved.
The plaintiff suffered a low-back injury at work on June 5, 1963. He was paid workmen's compensation through September 12th. The defendant employer contends that as of that date, or at the most by March 1964, the plaintiff was fully cured from a work-caused lumbosacral sprain.
The trial court held, however, that the plaintiff was still indefinitely disabled as of the date of the trial by the resultants from the low-back injury at work. The trial court based this finding primarily upon the testimony of the attending physician, a general practitioner, who had examined and treated the plaintiff numerous times over the seven months between the date following the accident and the time his deposition was taken some seven months later; as well as upon corroborating lay testimony and upon certain symptoms or possibilities noted by the three specialists, orthopedists and neurosurgeons, who had examined the plaintiff briefly during the first four months or so following the injury.
The defendant-appellant contends that the District Court's finding is based upon possibilities and conjecture rather than upon the preponderance of the evidence. Relied upon is jurisprudence holding that the plaintiff in a compensation case bears the burden of establishing his claim by a preponderance of the evidence and to *744 a legal certainty, and "that speculation, conjecture, near possibility, and even unsupported probabilities, are not sufficient to support a judgment." Guillory v. New Amsterdam Casualty Co., 244 La. 225, 152 So.2d 1, 6. (Italics ours.)
The attending physician was of the definite opinion that the plaintiff's complaints of back pain, sometimes radiating into the legs, were genuine and that they resulted from the low-back injury at work. This doctor had examined and treated the plaintiff over a period of almost seven months, from the date following the accident until the note of evidence was closed. The doctor had hospitalized the claimant under traction for about two weeks following the accident, and he had continued to treat him regularly as an outpatient thereafter. While the truly objective symptoms of back disorder had greatly lessened after the first several months, the doctor accepted as genuine the patient's continued complaints of consistent pain, based upon his consistent reactions to examination for pain, his facial expressions, and actions, etc. The doctor felt that the most probable possible explanation for the claimant's continued pain and consequent disability was a mid-line protrusion or bulging of an intervertebral disc in the low back area.
He admitted, however, that he could not make a definite diagnosis to this effect in the absence of a myelogram (since the existence of such a disc injury can not be objectively verified unless the back is cut open). A myelogram is an X-ray procedure requiring the insertion of foreign matter in the spinal column. The preponderant opinion of the specialists herein is that this notinnocuous procedure is not justified unless preparatory to curative surgery.
Three specialists also examined the claimant, two of them on one occasion, and one of them on two occasions.[1] Two of these specialists felt, on the basis of the objective findings of their examinations of August 7, 1963 (Dr. Banks) and of November 18, 1963 (Dr. Boykin), that the plaintiff was no longer disabled by a lumbosacral sprain and that he could return to work.
The other specialist, a neurosurgeon (Dr. Faludi) found the plaintiff still disabled by a lumbosacral sprain as of October 16, 1963. He felt this sprain to be the probable cause of the plaintiff's continued disability, rather than a mid-line disc bulging. The witness further stated that, if the sprain rather than the mid-line disc were the cause of the plaintiff's disability, then the plaintiff's sprain disability should probably be terminated by two to three months following the date of the doctor's deposition in January of 1964.
Able counsel for the defendant-appellant persuasively contends that this evidence proves, at the most, only a conjectural possibility that the claimant is still disabled by reason of a mid-line disc; for none of the specialists were of the opinion that the symptoms had as yet indicated this to be the cause of the plaintiff's continued complaints of pain, and even the attending physician admitted that the existence of this condition was only an objective possibility, unless verified by further diagnostic procedures.
However, the plaintiff's complaints of pain, disability to bend, etc., were at all times consistent with his having sustained a mid-line disc bulging, as well as, also or instead, a continuing prolongation of a lumbosacral sprain. Essentially, the testimony *745 of the medical witnesses indicates that, if the plaintiff continues to suffer from genuine pain at the time of and during a period of time following their examinations, then the plaintiff may be disabled by reason of a back injury resulting from the accident, whether it be a mid-line disc bulging or a prolongation of the initial lumbosacral sprain. The specialists further admitted that, if genuine disabling pain persisted, then certain minimal symptoms discounted by them in their examinations during the initial period, might be indicia of a disc involvement; they referred to minimal lordosis (spinal column curvature), reflex, and possible-atrophy symptoms.
If indeed the plaintiff has proved that he continues to suffer genuine pain, which the medical evidence indicates could reasonably be a disabling residual of the work-accident, the plaintiff has borne his burden of proving a residual disability by a preponderance of the evidence, even though he may not have proved the precise cause thereof. Disability from workcaused condition, either of sprain or mid-line disc, is compensable. The plaintiff is obliged only to prove disability and not the precise medical cause thereof. Williams v. Travelers Ins. Co., La.App. 3 Cir., 157 So.2d 356, and cases cited therein.
As stated in Schram v. Lake Charles Ready-Mix, Inc., La.App. 3 Cir., 125 So.2d 213, 215, "proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the evaluation of the truthfulness of the claimant's complaints, and proof of such disability based essentially upon such evaluation has been held sufficient to support an award of workmen's compensation when medical testimony shows that such disabling pain may be residual from the industrial accident. [Citations omitted]." We find no manifest error in the trial court's evaluation of the plaintiff's testimony as truthful of continued disabling pain, as corroborated by the attending physician and the lay witnesses.
Some of the medical specialists may have opined that the plaintiff was not disabled, considering the objective symptoms only and not the plaintiff's subjective complaints of pain. Nevertheless, the trial court was free to consider and to accept the medical and lay testimony as a whole, and to reach a different ultimate conclusion of disability, upon its finding that the plaintiff did suffer from subjective pain, which the medical evidence shows to have been a reasonably possible disabling residual of the accident, despite the lack of objective symptoms. Vidrine v. American Employers Insurance Co., La.App. 3 Cir., 129 So.2d 288, certiorari denied.
Further, the lay evidence shows that the plaintiff, a 41-year old man, had been engaged in construction work all his adult life without such severe back-pain complaints prior to the date of the work-accident. Consistently thereafterwards he has suffered back pain, found by the trial court to be genuine under its credibility evaluation of the testimony. A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Nixon v. Pittsburgh Plate Glass Co., La.App. 3 Cir., 161 So.2d 361, certiorari denied; Blanchard v. Travelers Insurance Co., La.App. 1 Cir., 121 So. 2d 515.
The appellant further complains that the trial court should have given greater weight to the testimony of the specialists indicating limited disability or none. But we find no error in the trial court's having accepted instead the testimony of the attending general practitioner, because of the latter's much greater opportunities for observation over his extended *746 period of treatment of the plaintiff, as compared with those of the specialists who saw the plaintiff briefly and chiefly for the purpose of forensic examination. See Harris v. Argonaut Insurance Co., La.App. 2 Cir., 142 So.2d 501, with a similar holding, with full discussion and citation of authorities, pointing out that, where the testimony of expert witnesses cannot be reconciled, then the probabilities and improbabilities of the respective testimony must be weighed in the light of the circumstances, including the respective opportunities for observation of a claimant.
Perhaps the plaintiff could have proved continued disability more definitely, for instance, by verifying with a myelogram the attending physician's diagnosis of disability. However, as in Webber v. Wofford-Brindley Lbr. Co., La.App. 1 Cir., 113 So.2d 23, certiorari denied, the question before us is not whether the plaintiff's complaints of genuine pain could have been better proved it is simply whether the complaints of disability have been sufficiently proved, "for it is not required that civil cases be proved beyond a reasonable doubt but only by the preponderance of the evidence." 113 So.2d 26.
Proof by a preponderance of the evidence requires only that the evidence as a whole show that the fact sought to be proved is more probable than not. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395; Perkins v. Texas & N. O. Railway Co., 243 La. 829, 147 So.2d 646; Lee v. Carwile, La.App. 3 Cir., 168 So.2d 469. "`By a preponderance of evidence is meant simply evidence which is of greater weight, or more convincing, than that which is offered in opposition to it. * * *'" Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, 880.
For the reasons heretofore assigned, we believe that the plaintiff has met such burden of proving disability by a preponderance of the evidence, accepting the trial court's non-erroneous evaluation of the credibility of the witnesses. Accordingly, we affirm the trial court's award of workmen's compensation benefits to the plaintiff, at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] During the initial period of hospitalization, the defendant took the plaintiff by ambulance from Many to Lake Charles for examination by a fourth specialist, Dr. Hatchette. While this doctor did not have the opportunity to examine the plaintiff, the latter understood from the doctor's initial interrogation of him that he was going to be forced to submit to a myelogram or some operative procedure. He therefore left the Lake Charles hospital without being examined or treated by Dr. Hatchette, upon his refusal to sign what he thought was an authorization for surgery some five days after the accident of June 5th.