GLADNEY, Judge.
Rhevis C. Smith brought this workmen’s compensation action against his employer, Dealers Associates, Inc. and its compensation insurer, Employers’ Liability Assurance Corporation, to recover benefits for total and permanent disability, complaining that he sustained an employment injury to his back which was diagnosed some ten months later as a lumbar disc. Trial resulted in a judgment rejecting plaintiff’s demands and he has appealed.
Employed at the factory of Dealers Associates in Minden since October 4, 1964 Smith reported an injury to his back on March 18, 1965 while lifting a flail mower. The evidence is somewhat confusing as to whether he sustained a similar accident on March 25, 1965 while lifting a welding machine. Only the first accident was reported. The employee worked as an electrician’s helper which required that he climb ladders, but generally his work was not regarded as strenuous and he was assisted by others when it was necessary to do lifting.
The foreman, Jake Roberts, sent Smith to Dr. R. McIntyre Bridges, a general practitioner and surgeon of Minden, Louisiana, for an examination and treatment. As a result of the examination on March 30 Dr. Bridges diagnosed plaintiff’s condition as a minimal lumbosacral sprain. The doctor found no muscle spasm and no evidence of disc injury. After prescribing muscle relaxants he again saw Smith on April 2, 1965 and referred him to Dr. Carson R. Reed, an orthopedic surgeon of Shreveport, to whom plaintiff reported on April 7, 1965. The findings of this orthopedist were essentially negative, revealing no involun *757 tary muscle spasm and only a mild tenderness over the lumbosacral joint upon palpation. His diagnosis was a “mild lum-bosacral sprain.” Doctors Bridges and Reed were of the opinion there would be no permanent disability. For a period of six days from May 4th through the 9th, 1965 Smith was examined by Dr. Paul W. Campbell, osteopath of Minden, and received treatments for “osteopathic reduction of lesions.” His x-rays noted a narrowing between the 4th and 5th lumbar on the left and he concluded the patient was suffering from low back strain from which ¿here would be no permanent disability. All doctors were of the opinion the employee could continue his work without substantial discomfort.
Between March and the completion of his treatment by Dr. Campbell, Smith continued to work normally and without complaint and without loss of substantial time except for a brief period prescribed by Dr. Campbell and sick leave which he took for the week ending April 15. The back injury had no appreciable effect upon his earnings and thereafter his work was regular through the middle of July when he voluntarily left the employment of Dealers Associates. During July for a period of some two weeks he attended a National Guard summer camp in Arkansas and while in this service he worked as a mechanic’s helper in a transportation unit.
Smith was employed by Earl W. Anderson of Minden from August until October 23, 1965 during which time this employer had no complaints and his work appears to have been performed satisfactorily. His employer stated, however, that Smith was not employed on a regular basis. No complaints of back pain were made although on some occasions during his employment his duties required lifting and sliding into place window units weighing 200 to 250 pounds. Near the end of his employment with Anderson he assisted the latter in unloading 100 bales of hay into the barn, each weighing from 50 to 60 pounds. Plaintiff testified that following this work his back hurt him badly and confined him to bed but he did not report the fact to Anderson. Plaintiff was not again employed until January 3, 1966 when he went to work for Clement Braswell of Minden as a brake and lights man which necessitated his crawling under and around trailers. A co-employee, Bobby Morgan, testified that on one occasion plaintiff told him he had injured his back while working with Dealers Associates. Plaintiff was discharged after several weeks of work due to a false statement in his application for employment. He was not otherwise employed prior to the date of trial June 23, 1966.
On January 19, 1966 upon the suggestion of a relative plaintiff called upon Dr. Robert D. Hightower, orthopedic surgeon of Shreveport, who on that date made an examination of plaintiff which the doctor referred to as superficial because Smith had informed him he had no funds. After giving the history of his injury Smith complained to the doctor of intermittent pain in his lumbar area with radiation down his right leg as far as his thigh. On this examination no x-ray was made and the doctor made a tentative diagnosis of herniated disc of the D-4 on the right. It was recommended that plaintiff report to the Confederate Memorial Hospital for treatment and further examination and gave him a note to go there. Smith, however, did not go to the hospital and testified it was because he preferred to go to a private hospital. Dr. Hightower made a further examination on March 5, 1966 after a referral by plaintiff’s attorney. On this examination Dr. High-tower found a small amount of muscle spasm in the lumbar area with some palpable crepitation and his findings also included a diminished patellar reflex on the right and a slight narrowing of the L-5 and L-4 intervertebral spaces posteriorly. The doctor’s opinion held plaintiff had sustained a herniated disc which was totally and permanently disabling and was caused by the injury to his back as stated in the history given.
*758 Plaintiff was re-examined by Dr. Paul Campbell and Dr. Carson Reed on March 8, 1966. These examinations included x-rays with negative findings. Dr. Campbell reported a tenderness in the right sacroiliac region which he attributed to poison from infected sinus. Dr. Reed found no objective signs of disability. An examination was made on April 18, 1966 by Dr. Bennett H. Young, orthopedic surgeon of Shreveport, who opined that it was possible that plaintiff could have a herniated disc but such condition was not evidenced by plaintiff’s neurological findings and that plaintiff did not have disc pathology. His x-ray examination revealed a narrowing of the L-5 — L-l interspace but no other pathology. He conceded that to be positive as to disc pathology it would have to be proven by myelogram.
Some additional testimony from lay witnesses deserves consideration. These consisted of the father of plaintiff who testified his son had never experienced any back trouble prior to March of 1965 and after that he had suffered from his back in varying degrees of intensity. The trial court considered it significant that plaintiff’s mother and sister did not testify.
Jake Roberts, Wilbur Crain, Kennon Mc-Bryde, Olin Beckman, who were employed at Dealers Associates during the time plaintiff worked there following the accident, testified uniformly that plaintiff performed his work normally and without complaint of pain. Earl Anderson likewise gave testimony to this effect.
Appellant strongly argues that the case of Gates v. Ashy Construction Company, La.App., 171 So.2d 742 (3rd Cir.1965) supports the position that plaintiff enjoyed good health prior to the accident, that symptoms of the disabling condition appeared and continuously manifested themselves thereafter and the medical evidence showed there was a reasonable possibility of causal connection with the accident and disabling condition. Conceding the rule so stated, we find it without application as there is a distinction in the medical evidence presented in the Gates case and the present case and this difference is primarily due to the preponderance of medical proof. In the Gates case one general practitioner treated the employee for a period of some seven months following the accident, had hospitalized him for two weeks, put him in traction and treated him as an outpatient thereafter and was of the opinion that he still suffered disabling pain because of a protruding disc from the back injury he had suffered. Two specialists disagreed with the general practitioner and a third felt that claimant had continuing disability from a sprain rather than a protruding disc. Note that both the general practitioner and one specialist felt that there was continuing disability. In the instant case one general practitioner, one osteopath and two orthopedic surgeons expressed the opinion that plaintiff had no permanent disability and this testimony was contradicted by only one orthopedic surgeon who, without conclusive findings, thought plaintiff was suffering from a herniated disc.
In rejecting plaintiff’s demands, the trial judge concluded that plaintiff had failed to sustain the burden imposed upon him for proving his case by a preponderance of the evidence. We find ourselves in agreement with his decision.
Accordingly, for the reasons hereinabove stated, the judgment is affirmed at appellant’s cost.