221 So.2d 604 (1969)
Valrle BOURQUE, Plaintiff and Appellee,
v.
MONTE CHRISTO DRILLING CORPORATION et al., Defendants and Appellants.
No. 2661.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1969.
Rehearing Denied May 7, 1969.
*605 Davidson, Meaux, Onebane & Donohoe, by V. Farley Sonnier, Lafayette, for defendants-appellants.
Domengeaux, Wright & Bienvenu, by, Bob F. Wright, Lafayette, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This is a workmen's compensation proceeding. The defendants, the employer and its insurer, appeal from judgment awarding the plaintiff workman benefits for total and permanent disability. The sole issue of the appeal is whether the undoubted total disability present at the trial was caused by the accident at work on March 23, 1966.
The employer's defense is to the effect that the workman did not preponderately prove the causal relationshipthat, in fact, the evidence suggests that the cause of the disability was either an earlier back injury of 1963, or else a later automobile collision of 1967.
While at work, the plaintiff was struck severely by a heavy object and was thrown to the ground. At the trial, the evidence proves total disability by reason of a ruptured intervertebral disc in the low-back area, with some evidence indicating contributory causes of disability as aggravation of a pre-existing neck-weakness and arthritic condition.
We see little need to repeat in detail the thoughtful and comprehensive analysis of the evidence made by our trial brother. Suffice it to say, we agree with his summary and his reconciliation of the testimony of the four medical experts and with his disposition of the defendants' principal contentions.
As to these contentions:

-1-
The suggestion is made that the low-back pathology must have resulted from the later 1967 automobile accident rather than from the 1966 work-accident. This is mainly based on the circumstance that he did not complain of low-back pain to one specialist (Dr. Jackson) on the latter's first examination in August 1966.
However, the plaintiff did complain of low-back pain immediately following the accident of March 1966 to Dr. Zink, his first attending physician, Tr. 40, and consistently thereafter. He also complained of low-back pain to the specialist who examined him for the defendant shortly after the accident (Dr. Levy, May 25th, Tr. 81) and later (Dr. Meuleman, Oct. 17th, Tr. 90) in 1966.
The plaintiff's principal initial complaints were of cervical pain, near where the heavy object struck his steel helmet. This obsessed him more than the less acute low-back pain. Dr. Jackson noted that patients sometimes overlook reporting the lesser complaints on a given examination, Tr. 121. He did complain of low-back pain to Dr. *606 Jackson on his subsequent examinations, and even on the initial August visit he did mention leg weakness, a symptom of low-back pathology.
In response to a question by the defendants' counsel assuming no complaints of low-back pain during 1966, Dr. Jackson did opine that the disability was caused by something else than the 1966 accident. Tr. 123. However, on redirect examination, he adhered to his ultimate opinion that the disability resulted from the 1966 accident. Tr. 130-32. In reaching this opinion, he relied also upon the claimant's symptomfree performance of his heavy duties before the 1966 accident.
The greatly preponderant evidence negatives the 1967 automobile evidence as having any causal relationship to the present disability. The uncontradicted testimony shows, in fact, that the plaintiff's only injuries from this consisted of cuts when the windshield shattered and flew in on him.

-2-
The uncontradicted lay evidence shows that, following the 1963 low-back injury (which did not involve a ruptured disc), the plaintiff had performed the heavy labors of his oilfield occupation without difficulty or pain at least for several months prior to the present (1966) serious work-accident. Under the preponderant medical evidence, the present 1966 accident was the sole or at least a contributory cause of the plaintiff's disability, which is a residual consistent as resulting from it.
Further, a claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disability condition. Gates v. Ashy Construction Company, La.App. 3d Cir., 171 So.2d 742, certiorari denied; Nixon v. Pittsburg Plate Glass Co., La.App. 3d Cir., 161 So.2d 361, certiorari denied.
Also, even if the second incident aggravated a condition resultant from the earlier accident, nevertheless this aggravation of a previously latent disability entitles the injured employee to compensation for total disability from his employer at the total disability from his employer at the time of the second accident. Mitchell v. Travelers Insurance Company, La.App. 3d Cir., 136 So.2d 143.

-3-
We likewise reject the contention of the appellant employer that the trial court erred in considering lay testimony.
Medical diagnoses of disability are of necessity based upon history as well as upon objective symptoms. Medical opinion may indicate the probability or not of disability and its causation, posited upon the existence or not of facts or pain verifiable only through lay testimony. In determining the causation and existence of present disability, the trial court may properly consider and evaluate lay testimony, in the light of which medical possibilities may become medical and factual probabilities thus preponderantly proved. Gates v. Ashy Construction Company, La.App. 2d Cir., 171 So.2d 742, certiorari denied; Vidrine v. American Employers Insurance Company, La.App. 3d Cir., 129 So.2d 288, certiorari denied; Schram v. Lake Charles Ready-Mix, La.App. 3d Cir., 125 So.2d 213.
Conclusion.
We therefore find no error in the trial court's determination that the plaintiff's present total disability was caused by the second accident while working for the defendant employer on March 23, 1966. We accordingly affirm the trial court's award of compensation for total and permanent disability. The defendants-appellants are to pay the costs of this appeal.
Affirmed.