STOULIG, Judge.
Plaintiff, Charles Miller, brought this workmen’s compensation action alleging total and permanent disability as the result of an accident which occurred while he was acting within the course and scope of his employment. The trial court held that a causal connexity had not been established between the accident and his injury and denied recovery. Plaintiff has appealed.
Miller, an assistant service station manager, was injured on June 13, 1969, at his employer’s place of business in Boutte, Louisiana. He was in the process of mounting a tire when the rack slipped causing him to fall backward into a two-by-four which was sticking out of the wall. Miller sustained an injury to his lower back below the beltline, testifying that it felt “like somebody took me with both hands and pulled my back apart.” After the initial treatment by Dr. Wilson Couch, plaintiff was treated over the ensuing months by Dr. Jack Winters, Dr. Carl Cul-icchia, and Dr. G. Gernon Brown, Jr. None of these doctors could make any objective finding which would have explained plaintiff’s continuing complaints of pain in his lower back and left leg.
Dr. Winter, an orthopedist, saw plaintiff a total of four times between initial visits on June 23, 1969, and October 9, 1969. His examination failed to establish a basis for Miller’s complaints. He was of the opinion at the time of these examinations that plaintiff was not suffering from a herniated disc, but, rather, that he possibly had a strain to the back. He suggested that Miller be seen by Dr. Culicchia, a neurosurgeon. Subsequently, on July 22, 1969, an examination by Dr. Culicchia revealed no findings indicative or suggestive of nerve root or spinal cord compression.
Miller was seen by Dr. Brown on five occasions between August 22 and October 13, of 1969. His complaints consisted of low back pain and pain in his lower right and left extremities. Examinations on these dates produced no objective findings consistent with a herniated disc.
However, plaintiff was again examined by Dr. Brown on February 4, 1970, and for the first time objective evidence of nerve root irritation was discovered. Dr. Brown found that Miller did definitely have a disability in his back and that his condition had changed since his previous examination, his last being on October 13, 1969, some four months previously. A subsequent myelogram confirmed the diagnosis of a herniated disc and Dr. Brown has recommended that the patient undergo a lami-nectomy.
In denying plaintiff recovery the trial judge found it significant that he had worked with Burns Detective Agency from October 31, 1969, until May of 1970 as a guard and thereafter for Davis & Sons as a galley hand, neither of which jobs it considered of a sedentary nature. This coupled with medical testimony that even the most menial activity could have caused plaintiff’s back condition, plus the facts that plaintiff had not complained of his back while at Burns (despite his testimony to the contrary) and had not indicated his disability on his written application with that company, convinced the lower court that Miller had not established sufficient connexity between his disabling back condition and his injury of June 14. The court stated in its written reasons for judgment:
“When one considers the length of time between the alleged accident with Billups on June 13, 1969, and February 4, 1970, when Dr. Brown first detected a disability, during which time plaintiff had been working actively, there is generated a feeling of great uncertainty that the disability relates back to June 13, 1969. Coupled with this is the presence of evidence in the record that plaintiff never complained of his back while either at Burns or at Davis & Sons. Further, his employment application with Burns represented an absence of disability.
*243 “While unquestionably Dr. Brown’s present diagnosis reveals a disability, who can say with confidence to what job or job activity the condition relates back. It would seem rankly unfair for the court, while entertaining good reasons for doubt, to require Billups compensation insurer to pay plaintiff benefits.”
It is axiomatic that the plaintiff has the burden of proving a workmen’s compensation claim to a legal certainty by a preponderance of the evidence. In the present matter the trial judge after a hearing concluded for the above-quoted reasons that the plaintiff had failed in his efforts to carry this burden. It is too well settled to require citation that the trial judge is the arbiter of the facts in a case and is not to be reversed absent manifest error. We are of the opinion that no such error has been committed.
We find it significant as did the trial judge that during the seven months following the plaintiff’s July 23 injury, not one of the four doctors by whom he was examined or treated could make a single objective finding which would have been indicative of a disc injury. It was not until February 4, after claimant had been working for several months at a job which involved the lifting of 30- to 40-pound toolboxes that a dramatic change in his condition, including objective findings of neurological injury, was noted.
Furthermore, there is ample evidence upon which the trial court could have rejected the plaintiff’s claim that his pain was continuous from the June 23 accident until the February findings. As noted by the trial court claimant Miller denied in his application with Burns Detective Agency that he had any back injury, and, further, according to Captain Jeremie L. Lulei, his supervisor at Burns, never once complained of any problem with his back. Additionally, we note that Miller produced no witnesses, other than himself, to substantiate his claim that he was in constant pain during this interval.
We are well aware of the holdings of our appellate courts in Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604 (La.App.3d Cir. 1969); Gates v. Ashy Construction Company, 171 So.2d 742 (La. App.3d Cir. 1965); and Nixon v. Pittsburgh Plate Glass Company, 161 So.2d 361 (La.App.3d Cir. 1964), which have been cited by counsel for plaintiff.[1] However, in light of the factual conclusion reached herein, we do not find them controlling.
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.

. These cases hold that a claimant’s disability is presumed to have resulted from an accident if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appears and continuously manifest themselves afterward, provided that medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disability condition.