CULPEPPER, Judge
(dissenting),
The plaintiff was working as a welder. He and a fellow employee were raising an *920 iron plate when the fellow employee dropped his end of the plate causing it to strike plaintiff’s knee. About three days later, plaintiff went to Dr. John Tassin, a general practitioner in Ville Platte, complaining only of his right knee.
About three weeks after the accident, Dr. Tassin referred plaintiff to Dr. Gaar, an orthopedic surgeon, and he became the treating physician. The only complaints made by plaintiff to Dr. Gaar were in reference to the right knee. No complaints were made as to any back pains.
About two months after the accident, plaintiff was seen by another orthopedic surgeon, Dr. Ray Beurlot, Jr. of Alexandria. Again, his only complaints were to the right knee. No complaints were made of any back ailments.
Plaintiff’s first complaint of back pain was made to Dr. Tassin four months after the accident. Dr. Tassin referred Mr. Chelette back to Dr. Gaar who then examined him as to his knee. Plaintiff did not even call Dr. Gaar’s attention to any problem with his lower back area. However, plaintiff saw Dr. Gaar again approximately two months later and informed him of episodes of low back pains. The doctor admitted plaintiff to the hospital and performed a lumbar-myelogram. The myelo-gram was negative.
Ten months after the accident, plaintiff was seen by Dr. John Loupe of Baton Rouge, and by Dr. Steven Goldware of New Orleans. These doctors found minimal spasm and expressed the opinion that Mr. Chelette could “possibly” be suffering from a disc herniation on his left side. Both doctors stated no more than that it was “possible” that plaintiff’s condition in his back was related to his accident.
The district judge based his opinion on testimony by Dr. Loupe and by Dr. Gold-ware that a possible reason plaintiff didn’t complain of his back injury sooner was because the knee injury was causing him more pain. This testimony, however, is contradicted by Dr. Beurlot and Dr. Gaar, both of whom say that if the injury was sufficient to cause a ruptured disc, the plaintiff would have complained about it sooner than four months.
There is no objective evidence that plaintiff has a disc injury, and it is only the testimony of Dr. Loupe and Dr. Gold-ware which even suggests such a “possible” condition. The myelogram performed by Dr. Gaar was negative. Plaintiff had a preexisting back condition which had caused him pain off and on over the years prior to this accident. This is probably what Drs. Loupe and Goldware found.
The majority bases its decision on the theory that where two injuries occur simultaneously one may cause the patient to fail to recognize the symptoms of the second. They cite Roberson v. Liberty Mutual Insurance Company, 316 So.2d 22 (La.App., 3rd Cir. 1975) and the cases therein cited which hold that “If before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition, the disability of the workmen’s compensation claimant is presumed to have resulted from the accident.” (Emphasis supplied)
I believe the present case fails to meet the test of “commencing with the accident”. In the Roberson case, plaintiff first complained of his injury at the time of the injury and sought medical assistance the following day. In all other cited cases dealing with this presumption, the time involved was either a few days or was described by the court as “immediately following” the accident. There is no case that I could find where the period of time involved was more than just a few days. None of the cases talk in terms of weeks and certainly there is no case going as far as four months. The most important of *921 these decisions are: Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604 (La.App., 3rd Cir. 1969); Cripps v. Urania Lumber Company, 213 So.2d 353 (La.App., 3rd Cir. 1968); Porter v. Augenstein Construction Company, 280 So.2d, 861 (La. App., 3rd Cir. 1973); Gates v. Ashy Construction Company, Inc., 171 So.2d 742 (La.App., 3rd Cir. 1965); Carney v. Liberty Mutual Insurance Company, 277 So.2d 175 (La.App., 3rd Cir. 1973); White v. E. A. Caldwell Contractors, Inc., 276 So.2d 762 (La.App., 3rd Cir. 1973) and Nixon v. Pittsburg Plate Glass Company, 161 So.2d 361 (La.App., 3rd Cir. 1964).
In my view, the evidence does not reasonably support a finding that whatever “minimal spasms” were found by Drs. Loupe and Goldware ten months after the accident, were causally related thereto. These two doctors said such a causal, connection is only “possible”. Drs. Beurlot and Gaar said it is not possible, where plaintiff did not complain of a back injury until four months after the accident. The finding of causal connection in this case is based on pure speculation.
I respectfully dissent.